THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. LINDQUIST, Defendant-Appellant.

Third District    No. 80-289

Opinion filed July 10, 1981.—Rehearing denied August 10, 1981.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Michael B. Weinstein, Melbourne A. Noel, Jr., and Jack Donatelli, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

In broad outline, there is no factual dispute in this case. The defendant, executor of an estate, improperly drew a check on estate funds for his own purposes. Curiously, the case before the court is not one of theft. The defendant was never charged with theft. Rather he was charged and convicted of forgery. The narrow question presented is whether the defendant is guilty of the specific offense of forgery.

Statutory law provides that:

> "A person commits forgery when, with intent to defraud, he knowingly:
>> (1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; * * *." Ill. Rev. Stat. 1977, ch. 38, par. 17—3(a).

Suffice it to say that the defendant was executor of the estate. He had authority to draw checks on the estate account. The People argue that the defendant committed forgery because he did not have authority to withdraw funds for his own purposes. Of course he lacked authority to withdraw funds for his own purposes. It was wrong for him to do so. However, it was not assault and battery, rape, or indecent liberties. Neither was it forgery.

Judgment of conviction in this case is reversed.

Reversed.

ALLOY and STOUDER, JJ., concur.