(No. 55873.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM HOCKADAY, Appellee.

*Opinion filed December 17, 1982.*

280

Tyrone C. Fahner, Attorney General, of Springfield, and James T. Teros, State's Attorney, of Rock Island (Marcia L. Friedl and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, and John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Frank W. Ralph, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE SIMON delivered the opinion of the court:

The issue here is the sufficiency of an information charging the defendant, William Hockaday, with the offense of forgery by delivery (Ill. Rev. Stat. 1979, ch. 38, par. 17—3(a)(2)). The challenged portion of the information reads:

"BILLY BOB HOCKADAY *** committed the offense of FORGERY, in that *the said defendant, with the intent to defraud, knowingly delivered to Debbie Saylor a document apparently capable of defrauding another, in that it purported to have been made by another,* Robert Owens and Tom Hanson, a copy of the document is attached and made a part hereof by reference thereto, said document being a check numbered 1633 of Energy Specialty Products, Inc., a corporation licensed to do business in the State of Illinois, drawn on the River Forest State Bank and Trust Company of River Forest, Illinois, dated March 12, 1980, payable to Stephanie A. Morrow in the amount of Four Hundred Seventy-five and no/100 Dollars ($475.00) and signed as maker Robert Owens and Tom Hanson, *knowing the document to have been thus made,* in violation of Section 17—3a2 of Chapter 38, Illinois Revised Statutes." (Emphasis added.)

The defendant attacked the sufficiency of the information by several motions to dismiss or quash the information, all of which were denied. After a jury trial in Rock Island County, the defendant was found guilty of forgery by delivery and sentenced to two years' imprisonment. On appeal, the appellate court reversed, concluding that the information did not sufficiently describe the elements of the forgery-by-delivery offense. 100 Ill. App. 3d 762.

Section 111—3(a)(3) of the Code of Criminal Procedure of 1963 provides that a charging instrument must set forth "the nature and elements of the offense charged." (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).) When, as here, the defendant properly raises the issue of the sufficiency of the information in the trial court, the information must be scrutinized to determine whether it conforms to this statu-

tory requirement. (See *People v. Lutz* (1978), 73 Ill. 2d 204.) If the information fails to properly set forth the elements of the offense charged, the trial court must grant the defendant's motion to dismiss or motion in arrest of judgment. Ill. Rev. Stat. 1979, ch. 38, pars. 114—1(a)(8), 116—2(b)(1).

The appellate court in this case properly identified the five elements of the forgery-by-delivery offense as follows:

"(1) a document apparently capable of defrauding another; (2) a making or altering of such document by one person in such manner that it purports to have been made by another; (3) knowledge by defendant that it has been thus made; (4) knowing delivery of the document; and (5) intent to defraud." (100 Ill. App. 3d 762, 765.)

It then held that the information was insufficient because it did not adequately set out elements (2) and (3).

The appellate court based this conclusion on its interpretation of the language in the information. The relevant language states that the "defendant *** delivered *** a document apparently capable of defrauding another, in that it purported to have been made by another *** knowing the document to have been thus made ***." The appellate court interpreted the word "purported" to indicate that the check *appeared* to be made by another without charging that the check was *falsely* so made. Thus, the court concluded that the information failed both to describe the check as a forgery and to allege that the defendant knew of the check's forged character. 100 Ill. App. 3d 762, 766.

We do not interpret the charging language as the appellate court did. "This court has consistently held that an indictment which charges an offense in the language of the statute is sufficient if the words of the statute particularize the offense so that an accused is apprised, with reasonable certainty, of the precise offense." (*People v. Banks* (1979), 75 Ill. 2d 383, 392, citing *People v. Dickerson* (1975), 61 Ill. 2d 580, 582; *People v. Mills* (1968), 40 Ill. 2d 4, 11.) In this case the information closely follows the language of the

statute that defines the offense of forgery by delivery.

Section 17—3(a) of the Criminal Code of 1961 provides:

"A person commits forgery when, with intent to defraud, he knowingly:

(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another ***; or

(2) Issues or delivers such document knowing it to have been thus made or altered ***." Ill. Rev. Stat. 1979, ch. 38, par. 17—3(a).

The information in this case alleges that the defendant, "with the intent to defraud, knowingly delivered *** a document apparently capable of defrauding another, in that it purported to have been made by another, *** knowing the document to have been thus made." The defendant argues that this language does not follow the language in the statute because the phrase "capable of defrauding another in that it purported to have been made by another" does not appear in the description of the offense of forgery by delivery described in section 17—3(a)(2). What this argument overlooks is that the definition of forgery by delivery in section 17—3(a)(2) makes no sense standing alone. It has to be read in connection with the definition of forgery set forth in section 17—3(a)(1). "[S]uch document" in section 17—3(a)(2) thus refers to a "document apparently capable of defrauding another in such manner that it purports to have been made by another," which is the kind of document described in section 17—3(a)(1). When this language is read as a part of section 17—3(a)(2) it is apparent that the information alleges each of the five elements of the forgery-by-delivery offense in almost the same language as the statute.

"An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged."

(*People v. Patrick* (1967), 38 Ill. 2d 255, 258.) In determining whether the forgery-by-delivery statute sufficiently particularizes that offense, a court must consider the plain and ordinary meaning of the statutory language used in the charging instrument as read and interpreted by a reasonable person. (See *People v. Banks* (1979), 75 Ill. 2d 383, 392-93.) We believe that the statutory language incorporated in the information in this case sufficiently advised the defendant of all the elements of the forgery-by-delivery offense. In particular it alleged that the check was forged and that the defendant knew of the forgery. See *People v. Young* (1974), 19 Ill. App. 3d 455, 457 ("the forgery statute does define—particularize—the elements of forgery—thus a charge which uses the same language is valid").

In charging that the check "purported to have been made by another," the information describes the type of fraudulent character that the check possessed. If the check were not a forgery, the defendant has not shown us how it would be capable of defrauding another in view of the fact that the information charged that "it purported to have been made by another." A check may be capable of defrauding another for reasons other than forgery, insufficient funds for example, but that type of fraudulent document is not included within the language of this information. Although the word "purport" does not always imply a false appearance, that is certainly one of its common meanings (see Webster's New World Dictionary 1154 (1976)) and when used to describe why a check is "capable of defrauding another" the word is sufficient to inform the defendant that the document was forged. See *People v. Mager* (1976), 35 Ill. App. 3d 306, 309 ("The indictment alleged that [the document] was '*** apparently capable of defrauding another in that it purported to have been made by another ***,' *i.e.,* that the [document] bore a forged signature").

The information also sufficiently alleges that the

defendant knew of the forgery when it states that he delivered the check "knowing the document to have been *thus* made." The word "thus" refers to the language that we have already construed as meaning that the document was forged.

The information is sufficient. It follows the language of the statute that defines the forgery-by-delivery offense, and that statute sufficiently particularizes the offense so as to advise the defendant of the precise nature of the charges against him. We therefore reverse the judgment of the appellate court and affirm the judgment and sentence imposed by the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*