THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY WHITLEY, Defendant-Appellant.

Fifth District   No. 5—90—0478

Opinion filed October 8, 1991.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert R. Haida, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:
Defendant, Jeffrey Whitley, was found guilty of forgery and sentenced to two years' probation. Defendant argues the information fails to state an offense. The issue concerning the sufficiency of the charging instrument was first raised on appeal. For the reasons which follow, we hold the information is sufficient. We, therefore, affirm.

The evidence established that on June 13, 1989, Mr. Jeffrey Whitley allegedly received two checks in payment for services as a security guard from a man he identified only as Jerome. That evening defendant approached an acquaintance, Barbara Yantze, and asked if she knew where he could cash a check. Barbara Yantze replied that her old boss, Charles Merritts at Regal Package Liquor Store, might do it. The two went to the store, but only Yantze entered. She was not able to cash the check because Mr. Merritts was not there. The next day Yantze and Whitley returned to the store, but again only Yantze went in. Merritts told her to return later in the day when he would have sufficient funds. Yantze returned later that day, but Merritts refused to cash the check unless Whitley came in himself with identification. Mr. Whitley then went into the store and presented his driver's license, his address, and a phone number. Merritts cashed the check. Subsequently it was discovered that the account upon which the check had been drawn was closed and that the account holder, Starlita Grant, had thrown away the blank checks. Jeffrey Whitley was arrested, signed a statement, and was eventually charged in a criminal information with forgery.

The challenged portion of the information states that Jeffrey Whitley committed the offense of forgery in that:

> "The said defendant with the intent to defraud, knowingly delivered to Charles Merritts, Jr., a document apparently capable of defrauding another in that it was purported to have been made by another, Starlita Grant, said document being a check numbered 160 of Starlita Grant, drawn on the Citizens Bank of University City, dated June 14, 1989, payable to Jeff Whitey [sic], in the amount of $439.00 and signed as maker Starlita Grant, knowing the document to have been thus made *** in violation of Section 17—3(a)(2) Chapter 38, Illinois Revised Statutes."

Appellant argues the information merely alleges that Whitley delivered a two-party check to Mr. Merritts without describing the fraudulent nature of the check and, therefore, fails to state an offense. In a similar case the Illinois Supreme Court ruled that the words "purported to have been made by another" and "knowing the document to have been *thus* made" alleged that the check was forged and that the defendant knew of the forgery. (Emphasis in original.) *People v. Hockaday* (1982), 93 Ill. 2d 279, 283-85, 443 N.E.2d 566, 568-69.

■ When an information is attacked for the first time on appeal, the charging instrument will be sufficient if it apprised the accused of

the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to a future prosecution arising out of the same conduct. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460.) The information described the document in question as "a check numbered 160 of Starlita Grant, drawn on the citizens Bank of University City dated June 14, 1989, payable to Jeff Whitey [*sic*], in the amount of $439.00 and signed as maker Starlita Grant." Defendant was clearly apprised of the nature of the offense charged, with sufficient specificity as to prevent any future prosecution arising out of the same conduct. *Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456; *Hockaday*, 93 Ill. 2d 279, 443 N.E.2d 566.

■ Appellant also argues that he was not proven guilty of forgery beyond a reasonable doubt because there was no evidence that he knew the check had been fraudulently made or that he intended to defraud Merritts. In a statement given by the defendant at the time of arrest and admitted into evidence, defendant stated that he saw a person known to him only as Jerome sign the bottom of the check using the name Starlita C. Grant. Starlita Grant testified that she did not know Jeffrey Whitley or a Jerome engaged in the security business, nor had she ever authorized anyone to sign her name to the checks. Defendant avoided contact with Merritts until Merritts refused to cash the check unless he came in himself with adequate identification. Appellant's claim that he offered to repay the losses on the check is meaningless in light of Merritts' testimony that because Whitley never did pay him he called the police, after which the defendant never contacted him again. There were other inconsistencies in the defendant's statement and testimony as well.

The intent to defraud may be inferred from the facts and circumstances surrounding the transaction. (*People v. Varellas* (1985), 138 Ill. App. 3d 820, 486 N.E.2d 388, 393.) A criminal conviction will not be set aside unless the evidence, when viewed in a light most favorable to the prosecution, is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276-77.) The facts and circumstances here do not merit such an action.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.