THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PAUL RENNELS, Defendant-Appellant.

Fifth District   No. 5—91—0368

Opinion filed April 28, 1992.

Ronald Tulin, of Ronald Tulin, Ltd., of Charleston, for appellant.

Michael Kiley, State's Attorney, of Shelbyville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Paul Rennels, was charged in the circuit court of Shelby County with forgery. Rennels was the manager and secretary of the Sigel Elevator Company, Inc. In December of 1988, he issued a receipt to James Wesselman for $2,000, purportedly as down payment on a building. Sigel Elevator had made an oral agreement to purchase the building in question in May of 1984 from Teutopolis State Bank, but no deed was issued until 1990 because of a tax lien. Wesselman began occupying the building in 1984. An information charging Rennels with forgery was filed on March 6, 1990. The information contained no theft charges. At trial, Wesselman testified that Rennels gave him the receipt in question in December of 1988, but he admitted that Rennels did not indicate why. Wesselman assumed that it was for work performed on the Rennels farm. Rennels maintained that it was issued as payment for work done for the elevator in 1985 and 1986.

The trial court allowed motions *in limine* excluding evidence that Rennels and Sigel Elevator had reached a civil settlement prior to the filing of the charges and prohibiting defendant from arguing to the jury his belief that, if anything, the offense involved was theft, not forgery.

Rennels was found guilty after a jury trial, and the trial court entered judgment ordering him to make restitution of $2,000 and perform 1,600 hours of community service.

■ On appeal, Rennels argues that the information was insufficient to charge him with forgery. The definition and elements of the offense of forgery are set forth in section 17—3 of the Criminal Code of 1961:

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) Issues or delivers such document knowing it to have been thus made or altered; or

(3) Possesses, with intent to issue or deliver, any such document knowing it to have been thus made or altered.

(b) An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property.

(c) A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." Ill. Rev. Stat. 1989, ch. 38, par. 17—3.

■■ In *People v. Hockaday* (1982), 93 Ill. 2d 279, 443 N.E.2d 566, our supreme court held:

" 'An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.' " (*Hockaday,* 93 Ill. 2d at 283, 443 N.E.2d at 568, quoting *People v. Patrick* (1967), 38 Ill. 2d 255, 258, 230 N.E.2d 843, 845.)

After carefully reviewing the information in the present case, we find that it does not meet this test.

The information in the present case alleged:

"PAUL RENNELS committed the offense of FORGERY in that the said defendant, with the intent to defraud, knowingly made a document apparently capable of defrauding another, the Sigel Elevator Company, Inc., to wit: a receipt for a down payment purportedly made to the Sigel Elevator Company, Inc., by James Wesselman in the amount of $2,000.00 signed by Paul Rennels, as Secretary of the Sigel Elevator Company, Inc., without the authority of the Sigel Elevator Company, Inc., in violation of chapter 38, section 17—3(a)(1)."

It is well settled that in a charge of forgery:

"[T]he instrument which is the subject of the charge must show on its face an apparent capacity to defraud another, or, if it does not, the indictment must include averments of extrinsic facts which establish that capacity. [Citation.] The test for determining whether a document is apparently capable of defrauding another is whether a reasonable and ordinary person might be deceived into accepting the document as true and genuine [citation], and whether it creates, transfers, alters or terminates any right, obligation or power with reference to any person or property [citation]." *People v. Panagiotis* (1987), 162 Ill. App. 3d 866, 871-72, 516 N.E.2d 280, 284.

■■ It is no longer necessary in a forgery prosecution to attach to the charging instrument a copy of the document in question or set it out *in haec verba*, but it is permissible to give a description of the document. *People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d

1364, citing *People ex rel. Miller v. Pate* (1969), 42 Ill. 2d 283, 246 N.E.2d 225.

In *People v. Moyer* (1971), 1 Ill. App. 3d 245, 273 N.E.2d 210, one of the documents which was the subject of the forgery charge was a sales receipt of a clothing store, to which the defendant signed a fictitious name. The court in *Moyer* found that the receipts themselves showed no tendency to defraud, but the court found the indictment sufficient because, in addition to a description of the document, it averred that the defendant signed the fictitious name for the purpose of fraudulently obtaining goods and that he in fact did obtain items of clothing from the store, thereby demonstrating the sales receipt's capacity to defraud. In the present case we have a "receipt," allegedly signed by Rennels without authority to do so, but there are no allegations of extrinsic facts demonstrating the receipt's capacity to defraud.

In *People v. Dismore* (1975), 33 Ill. App. 3d 495, 342 N.E.2d 151, the documents that were the subject of the forgery charges were a hotel guest registration card, numerous restaurant checks charging meals to a room, and a balance sheet for the room. Analogizing these documents to the sales receipts in *Moyer*, the court held that at best they were mere evidence of debt and did not themselves create, transfer, alter or terminate any right, obligation or power with respect to any person or property.

In *People v. Reynolds* (1980), 85 Ill. App. 3d 549, 407 N.E.2d 64, the defendant used a stolen credit card to purchase a ring. He was charged with forgery based upon his fraudulent use of the card owner's signature on the credit card sales receipt. The *Reynolds* court found that the credit card sales receipt possessed the requisite capacity to defraud in that it bore the name and account number of the authorized cardholder and disclosed the agreement between the parties obligating the credit card company to reimburse the jeweler and obligating the cardholder to reimburse the credit card company. The court in *Reynolds* distinguished *Dismore*, stating that the credit card sales receipt was not merely evidence of indebtedness but purported to obligate the credit card company to the merchant. The present case is likewise distinguishable from *Reynolds* in that the receipt does not purport to obligate Sigel to Wesselman or anyone else.

In *Toolen*, the documents which were the subject of the forgery charges included requisitions setting forth bids for vehicle parts. The *Toolen* court found the indictment sufficient, reasoning that the term "requisition" was commonly understood to be a written request for supplies, and a "bid" was commonly understood to be an offer to pur-

chase parts at a specified price. A request including bids for which no authority was given, the court stated, could result in action being taken on that form which might not have been taken in the absence of the unauthorized bids.

Finally, in *Panagiotis*, the defendant, a district sales manager for an airline, was charged with forgery based upon his unauthorized issuance of free, promotional airline tickets in exchange for various personal items. The court found the indictment sufficient to charge forgery because the airline tickets obligated the airline to provide free air transportation, at least until the fraud was discovered. It was upon this basis that the court distinguished *Dismore*, noting that the situation was more analogous to *Reynolds* and *Toolen*.

■ The information in the present case alleges that Rennels, without authority, issued a receipt to Wesselman for a $2,000 down payment Wesselman purportedly made to Sigel. A copy of the receipt is not attached to the information, and the reasons for and the circumstances surrounding the issuance of the receipt are unclear from the description of the document and the lack of averments of extrinsic facts. The term "down payment" provides little clarification. There is no indication for what purpose the down payment was allegedly made. A "receipt" is a mere acknowledgement, in this case that Sigel received $2,000 from Wesselman, and does not itself create any obligation. The information does not aver that anything was given to Wesselman in exchange for the money, nor does it indicate that the money was payment on any kind of debt Wesselman owed to Sigel. It is not even clear whether Wesselman gave $2,000 to Rennels, who kept it for himself, or whether no money was exchanged at all. While the term "down payment" implies the purchase of something and that further payments would be forthcoming, there are no extrinsic facts pleaded which would establish this. In short, nothing in the description of the document indicates how it could create, transfer, alter, or terminate any right, obligation, or power with reference to any person or property, and there are no extrinsic facts pleaded which demonstrate the receipt's capacity to defraud.

We also note that the present case is also closely analogous to *People v. Lindquist* (1981), 97 Ill. App. 3d 894, 424 N.E.2d 66. The defendant in *Lindquist* was the executor of an estate who improperly drew a check on estate funds for his own purposes. After expressing its curiosity that defendant was not charged with theft, the court ruled that defendant had authority to issue checks, and the court reversed his forgery conviction. The court rejected the State's argument that defendant did not possess the authority to issue checks for his

own purposes. The record in the present case demonstrates that the defendant had authority to issue documents relating to the day-to-day operation of the elevator, and he argues that if anything, this is a case of theft, not forgery. As in *Lindquist*, the State argues that Rennels did not have the authority to pay his personal debts with company funds. Having previously determined that the information failed to allege the receipt's apparent capacity to defraud, we need not address this argument. Defendant raises numerous other arguments on appeal, but again, our previous finding makes it unnecessary to address them.

For the foregoing reasons, the judgment of the circuit court of Shelby County is reversed.

Reversed.

HARRISON and LEWIS, JJ., concur.