(No. 107883.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES DE FILIPPO, Appellee.

*Opinion filed November 19, 2009.*

Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of Chicago, of counsel), for the People.

Scott J. Frankel, of Frankel & Cohen, of Chicago, for appellee.

CHIEF JUSTICE FITZGERALD delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

This case arises out of the writings of defendant, Charles De Filippo, to secure eligibility for a pension. While these writings were made in defendant's own name and under his own authority, they contained false information. The question we consider is whether there was evidence sufficient to convict defendant of forgery where defendant's writings contained false information, but did not purport "to have been made by another." 720 ILCS 5/17—3(a)(1) (West 2002). After a jury trial in the circuit court of Lake County, defendant was found guilty. The appellate court reversed. 387 Ill. App. 3d 322. We affirm the appellate court for the reasons that follow.

### BACKGROUND

After a number of years, certain jail officers in Lake County may be eligible for retirement benefits from the Sheriff's Law Enforcement Program, commonly known as "SLEP." Pursuant to unrelated litigation, the Illinois Municipal Retirement Fund (IMRF) sent defendant a letter dated March 15, 1991, indicating that his SLEP eligibility date was his deputization date of September 11, 1984. Eight years later, defendant approached the sheriff of Lake County, Gary Del Re, and stated that he had not received proper pension credit under SLEP. Defendant claimed that Lawrence Lesza had deputized him in 1981 at the direction of a previous sheriff, Thomas Brown. To support his claim, defendant delivered to Sheriff Del Re a March 29, 1999, letter initialed by defendant that averred that he was deputized on November 16, 1981. He also delivered to the sheriff a notarized letter dated August 26, 1999, signed by his codefendant Lawrence Lesza, which stated that defendant was deputized on November 16, 1981.

Sheriff Del Re wrote to the Lake County human resources department, requesting that the IMRF award

32 months of additional SLEP credit to defendant. Defendant also sent a letter to Jerry Nordstrom of the Lake County human resources department on February 15, 2000. That request was forwarded to the IMRF. In 2000, the IMRF decided to grant defendant's request to change his eligibility date to November 16, 1981, and granted defendant 32 months of additional SLEP credit.

In July 2003, defendant left Lake County employment. Defendant had accrued 21 years and 8 months of SLEP eligibility, a total which included the time between November 1981 and September 1984. The cost to Lake County to fund defendant's pension was $344,024.67 greater with a 1981 eligibility date than a 1984 eligibility date.

Soon thereafter, a complaint was made that defendant illegally received SLEP credits. The sheriff asked defendant "to provide any additional information or summarize the conditions in which he claimed to have worked in a sworn capacity" in 1981 and 1982. On August 12, 2003, defendant faxed a copy of the March 29, 1999, letter, which the sheriff subsequently discovered had been altered from its original version, although it still indicated a November 16, 1981, deputization date. Following an investigation, defendant was charged in a seven-count indictment alleging: (I) conspiracy for theft and forgery; (II) attempted theft of property exceeding $100,000; (III) forgery on August 26, 1999, for creating an affidavit falsely stating that defendant was sworn as a deputy sheriff of the Lake County sheriff's office on November 15 or 16, 1981; (IV) forgery on March 29, 1999, for creating a letter addressed to Sheriff Gary Del Re making various knowingly false factual assertions; (V) forgery on August 12, 2003, for making or altering a version of the March 29, 1999, letter addressed to Sheriff Gary Del Re making various knowingly false factual assertions; (VI) forgery on August 12, 2003, for making or

altering the March 29, 1999, letter addressed to Sheriff Gary Del Re making various knowingly false factual assertions; and (VII) forgery on February 15, 2000, for creating a letter addressed to Jerry Nordstrom, the benefits manager for county employees, falsely stating that defendant was sworn as a deputy sheriff of the Lake County sheriff's office on November 16, 1981.

At the trial, defendant and Lesza testified that defendant was deputized in 1981. However, 15 other witnesses testified on the State's behalf. At the close of arguments, the judge provided the jury with non-IPI jury instructions. The jury found defendant not guilty of counts I (conspiracy to commit theft or forgery), II (attempted theft with respect to the August 12, 2003, faxed letter), III (forgery with respect to Lesza's August 26, 1999, letter), and VII (forgery with respect to defendant's February 15, 2000, letter to Nordstrom). It found defendant guilty of counts IV (forgery with respect to the March 29, 1999, letter), V (forgery with respect to the August 12, 2003, faxed letter) and VI (forgery with respect to the August 12, 2003, faxed letter containing different provisions).

The trial court denied defendant's motion for a judgment of not guilty notwithstanding the verdict or for a new trial. The trial court entered judgment on counts IV and V, finding that counts V and VI merged under the one-act, one-crime rule. The trial court sentenced defendant to 24 months of probation, 12 months of periodic imprisonment, and 200 hours of community service. The trial court stayed the periodic imprisonment sentence pending compliance with probation, and the community service hours were stayed until defendant was medically able to perform them.

The Second District reversed the conviction, finding that defendant was not proven guilty beyond a reasonable doubt of forgery because the State failed to prove

the elements of the offense. The court held that the State must prove that the documents did purport to have been made by another person, at another time, or by authority of someone who did not give such authority. 387 Ill. App. 3d at 337, citing 720 ILCS 5/17—3(a)(1) (West 2002). The court found that the record was devoid of any evidence pertaining to this element of the offense. 387 Ill. App. 3d at 341. We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315(a).

## ANALYSIS

The State challenges the appellate court's finding that defendant was not proved guilty beyond a reasonable doubt. Intrinsic to this challenge is the State's disagreement with the appellate court's interpretation of the elements contained in the forgery statute. We therefore first examine the statute at issue.

Section 17—3 of the Criminal Code of 1961 (720 ILCS 5/17—3 (West 2002)) states:

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) makes or alters any document apparently capable of defrauding another in such a manner that it *purports to have been made by another* or at another time, or with different provisions, or by authority of one who did not give such authority, ***

* * *

(b) An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property. As used in this Section, 'document' includes, but is not limited to, any document, representation, or image produced manually, electronically, or by computer.

(c) A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." (Emphasis added.) 720 ILCS 5/17—3 (West 2002).

In construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intention of the legislature. *People v. Palmer*, 218 Ill. 2d 148, 156 (2006), citing *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). The language of the statute must be afforded its plain, ordinary, and popularly understood meaning. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). This court will not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Palmer*, 218 Ill. 2d at 156. Our review on this issue is *de novo. Palmer*, 218 Ill. 2d at 154.

Our review of the plain language of the statute reveals that the statute clearly and explicitly indicates that "purports to have been made by another" is an essential part of the statute. Indeed, in *People v. Hockaday*, 93 Ill. 2d 279, 282 (1982), we listed the elements of forgery as follows:

" '(1) a document apparently capable of defrauding another; (2) a making or altering of such document by one person in such manner that it purports to have been made by another; (3) knowledge by defendant that it has been thus made; (4) knowing delivery of the document; and (5) intent to defraud.' " *Hockaday*, 93 Ill. 2d at 282, quoting *People v. Hockaday*, 100 Ill. App. 3d 762, 765 (1981).

Thus, this court has already found that a document which "purports to have been made by another" is properly an element of forgery where there is no allegation that the document otherwise purported to be made "at another time, or with different provisions, or by authority of one who did not give such authority." 720 ILCS 5/17—3(a)(1) (West 2002).

Despite the clarity of the statute and of this court's precedent, the State argues that it was not required to prove the documents purport "to have been made by another" (720 ILCS 5/17—3(a)(1) (West 2002)) to sustain

a conviction for forgery in this case. The State underpins its remaining contentions with its interpretation of the committee comments accompanying the statute. 720 ILCS Ann. 5/17—3, Committee Comments—1961 (Smith-Hurd 2003). We note that while this court "often examine[s] the [committee] commentary as a guide in ascertaining the legislative intent" (*Daleiden v. Wiggins Oil Co.*, 118 Ill. 2d 528, 537 (1987); see also *People v. Parvin*, 125 Ill. 2d 519, 528 (1988)), where the plain language of the statute clearly expresses the legislative intent, we do not need to resort to other interpretive aids. *People v. Hari*, 218 Ill. 2d 275, 295 (2006), citing *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). Thus, because the express intention of the legislature is clearly indicated in the statute, we need not use the committee comments as an aid to our interpretation of section 17—3 of the Criminal Code of 1961 (720 ILCS 5/17—3(a) (West 2002)).[1]

Having rejected the State's interpretation of the forgery statute, we turn to the facts. We note that the State makes no further argument that defendant's conviction should be upheld if this court rejects its interpretation of the statute. The State also does not argue before this court that the letters signed by defendant purported to be made "at another time, or with different provisions, or by authority of one who did not give such authority." 720 ILCS 5/17—3(a)(1) (West 2002). Nevertheless, we briefly evaluate the evidence adduced at trial in light of the statute.

In reviewing a sufficiency of the evidence claim, a reviewing court must determine "whether, after viewing

---

[1] Even so, we agree with the appellate court that the committee comments would not guide us to a different result. See 387 Ill. App. 3d at 334-37 (rejecting the State's argument that the committee comments and related case law indicate the legislature intended the only elements necessary to prove forgery were that a person made a false document capable of defrauding another with intent to defraud).

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979); *People v. Wheeler*, 226 Ill. 2d 92, 114 (2007). At issue here is subsection (a)(1) of the statute, which states:

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) makes or alters any document apparently capable of defrauding another in such a manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority[.]" 720 ILCS 5/17—3(a)(1) (West 2002).

The remaining counts in this case are counts IV (March 29, 1999, letter) and V (August 12, 2003, fax). In the March 29, 1999, letter drafted and signed by defendant to Sheriff Del Re, defendant stated that he was sworn as a sheriff's deputy in 1981. This letter is not within the plain language of the statute, as it does not purport to have been made by another. 720 ILCS 5/17—3(a)(1) (West 2002). Similarly, the March 29, 1999, letter is not within the statutory language, as it does not purport to have been made at another time, or with different provisions, or under the authority of anyone other than defendant. 720 ILCS 5/17—3(a)(1) (West 2002). The August 12, 2003, faxed letter, while missing one paragraph, also stated that defendant was sworn in as a deputy in 1981. For the same reasons as the March 29, 1999, letter, it does not create liability under the forgery statute. As there was insufficient evidence that the March 29, 1999, letter and the August 12, 2003, faxed letter had the type of fraudulent character specified in section 17—3 (720 ILCS 5/17—3 (West 2002)), it follows that defendant was not proven guilty of forgery in counts IV and V beyond a reasonable doubt. We therefore agree with the appellate court that both counts should be reversed.

386

CONCLUSION

For the foregoing reasons, we find that there was not evidence sufficient to convict under the forgery statute (720 ILCS 5/17—3 (West 2002)) where defendant's letters containing false information did not purport to be made by another. We affirm the judgment of the appellate court reversing the Lake County circuit court.

*Appellate court judgment affirmed.*