NOTICE

Decision filed 04/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220225-U

NO. 5-22-0225

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 20-CF-152 |
| | ) | |
| RODNEY J. MARS, | ) | Honorable |
| | ) | Kevin S. Parker, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where eyewitness testimony and defendant's own admission established his commission of the offenses, the evidence was not only sufficient to establish his guilt beyond a reasonable doubt, but also precluded any argument that any trial errors required reversal.  Moreover, defendant's sentence of probation was not an abuse of discretion.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Following a jury trial, defendant, Rodney J. Mars, was convicted of aggravated battery and criminal damage to property.  The trial court sentenced him to 30 months' probation with 120 days in jail.  Defendant filed a notice of appeal.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in dismissing defendant's petition.  Accordingly, it has filed a motion to withdraw as counsel

1

along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5     At trial, KayeAnn Patton testified that she had been in a relationship with defendant, and they had a son together. Patton had been staying with her mother because the parties were having difficulties in their relationship. On June 23, 2020, defendant called her. He wanted to see his son and try to fix the relationship.

¶ 6     Patton did not want to be alone in a room with defendant, so the three drove around in her car. The conversation often became heated. Several times Patton tried to get defendant to leave the car, but he refused.

¶ 7     At one point, the prosecutor asked Patton if defendant had anything with him in the car that "caused [her] concern." After the trial court overruled a defense objection that the evidence was irrelevant, Patton said that he had pepper spray. She further testified that defendant threatened to use the pepper spray in the car. Ultimately, however, he did not use it.

¶ 8     Patton eventually pulled into the parking lot of a medical building. She got out of the car to feed her son, who was hungry and crying. Defendant threw her wallet out of the car, and she went to retrieve it. As she did so, two nurses came out of the building. When Patton told them what was happening, they helped her inside and took her to a back room for safety.

¶ 9 Madonna Cook was cleaning the lobby of the building just after closing time when she saw a nurse, a woman, and a baby attempting to enter the building. She let them in, and they proceeded through a second door to a back area. Just as the door was about to close, a man—whom she identified as defendant—grabbed it and pulled it open. Defendant also raced through the lobby to the second door and yanked it open hard enough that it bounced off the wall.

¶ 10 The prosecutor asked Cook if she heard any unusual noises. She responded that she heard what "sounded like a person had hit a wall or bounced into a wall or something." The court overruled a defense objection that the testimony was speculation.

¶ 11 Cook then saw defendant leave the back area, pushing the door open aggressively, and walk through the entrance. She then saw him bend over, pick something up, and throw it at the window. She did not know what the object was, but she saw the glass "spider" all the way down.

¶ 12 Officer Andrew Meyers responded to the HSHS Medical Group office building. He saw defendant running from the scene and pursued him. After another officer detained defendant, Meyers spoke to him. Defendant explained that he had gotten in an argument with his girlfriend, who began "freaking out" and ran inside the business. Defendant told Meyers that, after he went inside the building, he pushed a nurse out of the way. After he went back outside, he threw a rock through a window.

¶ 13 Meyers also interviewed Nichole Davis, who had a red mark on her neck. Meyers opined that it looked like an injury but not a significant one.

¶ 14 Davis testified that she was working at HSHS on June 23, 2020, as a nurse, wearing blue nursing scrubs. She attempted to block defendant from entering a patient-only area, telling him to leave. Instead, defendant grabbed her by the shoulders, shook her, placed his hand around her neck, and shoved her into a wall.

3

¶ 15    The jury found defendant guilty of aggravated battery and criminal damage to property. Defense counsel filed a motion for new trial in which he argued, *inter alia*, that the court erred in overruling his objection to Patton's testimony about the pepper spray and in overruling his objection to Cook's speculative testimony about what she heard. The court denied the motion.

¶ 16    Finding that defendant's actions threatened serious harm, the court sentenced defendant to 30 months' probation, including 120 days in jail. Defendant timely appeals.

¶ 17                                    ANALYSIS

¶ 18    OSAD concludes that there is no reasonably meritorious argument against defendant's conviction and sentence. OSAD suggests that the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt. Moreover, the overwhelming nature of the evidence precludes any argument that trial errors provide grounds for reversal. Finally, OSAD concludes that the sentence was not an abuse of discretion. We agree.

¶ 19    The first potential issue is whether the State proved defendant guilty beyond a reasonable doubt. When a defendant raises such a claim on appeal, we decide only " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. De Filippo*, 235 Ill. 2d 377, 384-85 (2009) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Here, the evidence was more than sufficient.

¶ 20    Defendant was convicted of aggravated battery by virtue of knowing that the victim was a nurse performing her official duties. See 720 ILCS 5/12-3.05(d)(11) (West 2020). He was also convicted of criminal damage to property for breaking the window.

¶ 21    Two eyewitnesses—Davis and Cook—testified that defendant committed those offenses. Davis testified that defendant shoved her, establishing the former offense, and Cook testified that

4

he threw a rock through the window, proving the latter offense. Patton's testimony placed defendant at the scene and established that he was upset. Finally, defendant admitted to Meyers that he committed those offenses. Moreover, defendant's statement to Meyers that he "shoved a nurse" precludes any reasonable argument that he did not know Davis's occupation.

¶ 22 OSAD next contends that there is no reasonably meritorious argument that the trial court's failure to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) was reversible error. That rule requires the trial court to ask prospective jurors, individually or in a group, whether they understand and accept the principles that (1) defendant is presumed innocent, (2) before a defendant can be convicted the State must prove him or her guilty beyond a reasonable doubt, (3) defendant is not required to offer any evidence, and (4) a defendant's decision not to testify cannot be held against him or her. *Id.*

¶ 23 The court must ask the prospective jurors whether they understand and accept the principles. *People v. Wilmington*, 2013 IL 112938, ¶ 32. Here, the court asked the venire members collectively whether they *accepted* the principles, but not whether they *understood* them. This was error. However, defendant did not preserve the issue with a contemporaneous objection or by raising it in his posttrial motion. Thus, the issue can be reviewed only as plain error.

¶ 24 The plain-error doctrine allows errors not previously challenged to be considered on appeal if either (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant or (2) the error was so fundamental and of such magnitude that it affected the fairness of the trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *Id.* ¶ 31.

¶ 25 *Wilmington* held that, in the absence of an allegation that a Rule 431(b) error resulted in a jury that was actually biased, such an error does not qualify as a second-prong plain error. *Id.* ¶ 33.

5

The court further concluded that the error was not first-prong plain error because the evidence of defendant's guilt was not closely balanced. *Id.* ¶ 34. So too here.

¶ 26 Defendant has never suggested that the jury that convicted him was actually biased. Further, the evidence of his guilt was overwhelming. As noted, two eyewitnesses described defendant's commission of the crimes and unequivocally identified him as the perpetrator. Moreover, defendant admitted to Meyers that he committed the offenses. Thus, any error in failing to question prospective jurors pursuant to Rule 431(b) was not plain error.

¶ 27 OSAD also suggests two potential evidentiary issues. However, it concludes that, due to the overwhelming nature of the evidence, any error was harmless, and it would be frivolous to contend otherwise.

¶ 28 Generally, the decision to admit evidence is within the trial court's sound discretion and will not be reversed absent an abuse of that discretion. *People v. Pikes*, 2013 IL 115171, ¶ 12. However, even if the trial court abuses its discretion, an error may be harmless where it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. See *People v. Thurow*, 203 Ill. 2d 352, 368-69 (2003) (citing *Neder v. United States*, 527 U.S. 1, 18 (1999)).

¶ 29 OSAD notes that Patton was allowed to testify that defendant threatened to use pepper spray. OSAD contends that this was irrelevant given that defendant was not charged with any offenses against Patton and apparently never brought it into the building. OSAD also contends that Cook's testimony that she heard what sounded like "a person had hit a wall or bounced into a wall" was unduly speculative. However, OSAD concludes that any error in admitting the evidence was harmless given the strength of the properly admitted evidence. We agree.

6

¶ 30 As noted, Davis and Cook testified that they saw defendant commit the offenses and defendant admitted as much to Meyers. The brief and relatively innocuous comments by Patton and Cook added little to this. It is thus clear that a rational jury would have found defendant guilty. Thus, any error in admitting the evidence was harmless.

¶ 31 Finally, OSAD concludes that there is no good-faith argument that the court erred in sentencing defendant. A trial court's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of that discretion. *People v. Streit*, 142 Ill. 2d 13, 18-19 (1991).

¶ 32 The record reflects that the judge carefully considered the proper sentencing range and the appropriate factors before imposing defendant's sentence and that the judge did not make any improper comments or consider any improper evidence. The presentence investigation report shows that defendant, despite being only 20 years old at the time, had a significant history of juvenile adjudications and serious traffic offenses, as well as a pending theft charge. Yet the trial court sentenced him to probation with a relatively short jail term, which he has presumably completed. The court also ordered restitution for the broken window. See 730 ILCS 5/5-5-6 (West 2020). The restitution amount was supported by evidence from a hospital administrator and paid invoices. Thus, we agree that there is no viable argument that the court abused its discretion in sentencing.

¶ 33 CONCLUSION

¶ 34 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 35 Motion granted; judgment affirmed.