THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN GARNER, JR. (Impleaded), Defendant-Appellant.

(No. 56388;

First District—May 17, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County.

Defendant, Marvin Garner, Jr., was indicted for the crime of murder. Following a bench trial, the defendant was found guilty of murder and sentenced to not less than fourteen nor more than seventeen years in the Illinois State Penitentiary.

The issues presented to this court on appeal are: (1) whether the defendant was deprived of his Fourth Amendment rights by the introduction at the trial of evidence obtained from the police search of his automobile after he and the other occupants had been taken into custody; (2) whether the defendant was denied due process of law and the right to confronting witnesses by the refusal of the trial judge to compel a witness to give his home address at a hearing prior to trial pursuant to a motion to suppress his identification of the defendant; and (3) whether defendant was proven guilty beyond a reasonable doubt.

On the evening of August 22, 1968, Officer McDonald and his partner, both plain-clothes detectives for the Chicago Police Department, were parked in an unmarked squad car at 7034 South Rhodes Avenue, Chicago. About midnight, Officer McDonald testified he heard four or five shots

and saw three men run from the direction of the shots across Rhodes to the corner of 71st and Rhodes. The men entered a 1959 Pontiac and proceeded north on Rhodes without headlights being lit. When the car passed the unmarked police car, the officers got the license number and gave chase. The men were apprehended some distance away following a high speed chase. When the police apprehended the men, all three exited from the car with their hands raised. The three men, one of whom was the defendant, were placed under arrest, searched and put in the police car. While they were in the police car, Officer McDonald searched their car and found two guns under the front seat. It was subsequently learned that two bullets from one of the guns found in the automobile had caused the death of Frank Thomas, who had been shot and whose body was found in the vicinity of 71st and Rhodes on the evening in question.

The first issue presented for review is whether defendant Garner was deprived of his Fourth Amendment rights by the introduction at the trial of evidence obtained from the police search of his automobile after he and the other occupants had been taken into custody. Defendant Garner contends the search of his automobile by the police following his arrest was unwarranted and highly improper, since he and the other two occupants had surrendered to the police and were in custody when the search took place. The defendant further contends a search, once the arrest has been made and the defendant is in custody, is restricted to the area within which a suspect might obtain a weapon or reach something which could be used as evidence against him. The basis for the defendant's contention is the decision of the United States Supreme Court in *Chimel v. California* (1969), 395 U.S. 752. In *Chimel*, the Supreme Court reversed the decision of the California courts on the basis that the search of the defendant's home without a search warrant, following his arrest, based on an arrest warrant, was improper for the reasons claimed by the defendant in the instant case.

We do not accept defendant's contentions which are based on the decision of the United States Supreme Court in *Chimel v. California, supra.* We believe the subsequent decision of the United States Supreme Court in the case of *Chambers v. Maroney* (1970), 399 U.S. 42, is distinguishable and controls the instant situation. Unlike the fact situation in *Chimel*, where the defendant's house was searched without a search warrant, the fact situation in the instant case reflects that the defendant's automobile was searched. The court in *Chambers* stated:

"In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office."

Defendant Garner attempts to distinguish *Chambers* by arresting that in light of the *Chambers* decision, since defendant was in custody, a search warrant should have been acquired to validly search the automobile. As to this issue, however, the court in *Chambers* stated most specifically:

"[I]f an effective search is to be made at any time, either the search must be made immediately without a search warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search."

■■ In the instant case, as in *Chambers,* it appears the police had probable cause to immediately search the apprehended automobile. The probable cause arises from the police officers' observation of the defendant and the other two occupants of defendant's automobile fleeing following the shooting, and the high speed chase which ensued. Moreover, since the police officers were pursuing defendant's fleeing car to question the occupants about the shooting, the police had probable cause to reasonably believe there were guns in the automobile. We believe the search of the automobile immediately following the arrest of the defendant was reasonable in light of *Chambers v. Maroney, supra,* and we therefore reject the defendant's contention that his Fourth Amendment rights were violated.

The second issue presented for review is whether the defendant was deprived of due process of law and the right of confronting one's accusers by the refusal of the trial judge to compel a witness to give his home address at a hearing prior to trial, pursuant to a motion to suppress the witness' identification of the defendant.

Defendant contends the testimony elicited from the witness, Julius Johnson, at the hearing on the motion to suppress his identification, to the effect that upon the return to the scene of the shooting the witness went up to the police car and told the officers the three men in their custody were the same three men he saw fleeing from the shooting, was prejudicial since the witness refused to give his address when questioned. Defendant contends he was further prejudiced by the fact that the trial judge heard the testimony given by Johnson, even though no evidence was received from the witness at the subsequent trial, and such testimony may have influenced the trial judge.

We find defendant's contentions not only to be poorly taken in light of the facts surrounding the testimony in issue here, but also to have little merit since they were effectively waived by defendant's failure to raise them, either by objection or in his post-trial motion for a new trial. The witness, Johnson, was called to testify by defendant's attorney. The

defense attorney had been furnished with the witness' name and address by the State during pre-trial discovery.

██ Finally, neither at the hearing nor in the motion for a new trial subsequent to defendant's having been found guilty, was the error alleged that the defendant was prejudiced by having been deprived of his due process rights through the refusal of the defense witness to give his address. The law in Illinois is well settled that a defendant on review is limited to the errors set out in the post-trial motion and all others are regarded as having been waived. (*People v. Irwin* (1965), 32 Ill.2d 441; *People v. Landry* (1970), 123 Ill.App.2d 86.) In light of these facts, we do not accept defendant's contentions that he was deprived of his due process rights.

██ Additionally, we find defendant's contention that the trial judge was influenced by his having heard the testimony of the witness at the hearing to be without merit. A trial judge is presumed to consider only competent evidence in reaching his decision. (*People v. Richardson* (1969), 17 Ill.2d 253.) It is our opinion the allegations of the defendant on appeal do not overcome this presumption in favor of the trial judge.

● 5 The final issue presented on review is whether the defendant was proven guilty beyond a reasonable doubt. The defendant claims neither mere proximity to the scene of the crime nor his subsequent flight is sufficient proof of guilt. The defendant bases this claim upon the premise that the guns found by the police in his car, one of which was the murder weapon, should not have been allowed as evidence. Earlier in this opinion we denied defendant's claim his rights were violated when his car was searched. By so doing we thereby affirmed the trial court's admission of such evidence. The trial court was therefore presented with more evidence to consider than the defendant, on appeal, claims. It appears to this court there was ample evidence before the trial court to find the defendant guilty beyond a reasonable doubt.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.