THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN J. VAN DYK, Defendant-Appellant.

First District (5th Division)    No. 62391

Opinion filed June 11, 1976.—Rehearing denied July 14, 1976.

Chester A. Lizak, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Michael R. Lewis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After a bench trial, defendant was convicted of driving a vehicle while under the influence of intoxicating liquor. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.) He was fined $100, and his driver's license was revoked. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(i).) Thereafter, he filed a post-trial motion for a judgment of acquittal, which was denied. On appeal, he contends that the State's witness, who was permitted several times to refer to a vehicular report for the purpose of refreshing his memory while testifying, did not have a sufficient present recollection of the pertinent facts to support his conviction.

The following facts pertinent to this appeal were adduced at trial.
*For the State*

*John Partipilo*

He has been a Chicago Police Officer since 1956. At the beginning of direct examination, the following exchange involving him, Assistant State's Attorney Strojny, and the court occurred:

"Strojny: Officer, do you have a present recollection—

Partipilo: No, sir.

Strojny: —of the facts surrounding this case?

Partipilo: I have some, but others I can't recall.

Strojny: Is there anything in the courtroom that would refresh your memory?

Partipilo: My record of vehicular—the report I made out at that time.

The Court: Commonly called the visual.

Partipilo: Yes, sir.

The Court: All right, Officer, you can read from that to refresh your recollection, then, you can put it down, turn it over when you put it down, and then recite what you referred to, and if you're stuck, pick it up again."

After refreshing his recollection, Officer Partipilo testified that on November 18, 1974, at about 2:30 a.m., he was in a patrol car proceeding northbound on Lake Shore Drive at a point where there are four lanes in each direction. The weather conditions were good and the traffic light. About 50 feet ahead, he noticed another northbound car that was changing lanes excessively. The car had moved from the extreme inside lane to the next inside lane and back approximately nine times. He signalled the car to stop. After alighting from his own vehicle, Officer

Partipilo approached the car and requested that its driver, defendant, step outside. He requested defendant's driver's license and inquired about his inordinate lane changing. When defendant denied that he had been moving from lane to lane, Officer Partipilo detected a strong odor of alcohol on defendant's breath. He then asked whether defendant had been drinking.

At this point, Officer Partipilo found it necessary to refer to his vehicular report again. He then resumed testifying saying that only after six requests did defendant produce his driver's license. Defendant's face was pale, his attitude cocky, and his walking wobbly. After again consulting the report, he testified that defendant's voice was slurred, his clothing disheveled, and his ability to stand impaired. Defendant refused to take a breathalizer test after being advised of his implied consent rights.

In his experience as a policeman, Officer Partipilo has had the opportunity to observe between 500 and 600 people who were under the influence of intoxicating liquors, and, in his opinion, defendant was intoxicated. On the basis of his opinion, he arrested defendant, advised him of his constitutional rights, and transported him to the district police station in the patrol car. At the police station, defendant needed assistance in climbing the stairs.

On cross-examination, Officer Partipilo was unable to repeat his observations concerning defendant's walking and balance without referring to his vehicular report.

*For defendant*

*John Van Dyk, defendant*

He is a manager for a men's clothing store. On the morning of November 18, 1974, at about 2:30 a.m. he was driving northbound on Lake Shore Drive when his car was stopped by Officer Partipilo. He did not produce his driver's license immediately when requested because he wanted to ascertain why his car had been stopped. He recalled that Officer Partipilo requested him to produce his driver's license several times. He stated that before complying with the officer's request, he "was talking to the officer trying to see if [he] could get a pass." In his opinion, upon alighting from his car, his walking was "pretty darn good." He speculated that, while driving on Lake Shore Drive, he might have strayed from the extreme right-hand lane on turns. However, he felt that he had done "everything right in driving."

*Bruce Lustig*

He works with defendant. On the morning of November 18, 1974, at about 4 a.m., he went to the district police station to help defendant make bail and saw defendant there. At that time, he observed defendant's walking and coordination to be normal and considered defendant to be

sober. He was not with defendant, however, when his vehicle had been stopped.

At the close of all the evidence, the court found defendant guilty of driving a vehicle while under the influence of intoxicating liquor. He was fined $100, and his driver's license was revoked. Thereafter, defendant filed a post-trial motion for a judgment of acquittal, contending that the State's witness did not have a sufficiently independent present recollection of the pertinent facts to support his conviction. The court expressed a willingness to grant a new trial on the basis of defendant's contention, but denied the motion for a judgment of acquittal. From the denial of this motion he appeals.

OPINION

Defendant contends that after refreshing his memory from his report on several occasions, the State's witness did not possess a sufficient present recollection of the pertinent facts to support a conviction.

Initially the State argues that defendant has failed to preserve this contention for review by failing to file a motion for a new trial which contained the contention. Article 116 of the Code of Criminal Procedure of 1963 provides for two types of post-trial motions, a motion for a new trial and a motion in arrest of judgment. (Ill. Rev. Stat. 1975, ch. 38, par. 116—1 and 116—2.) Defendant's post-trial motion was captioned "motion for judgment of acquittal." Since the instant motion did not address the insufficiency of the charge nor the court's jurisdiction, it cannot be considered a motion in arrest of judgment. Moreover, during the hearing on the instant motion, defendant's counsel specifically rejected the trial court's offer to order a new trial and stated "It's not a motion for a new trial. It's a motion for judgment of acquittal, Your Honor."

■■ The purpose of the salutory rule requiring a defendant to file a motion for a new trial which specifies the grounds in order to preserve issues for appeal is to allow the trial court to correct possible errors and thereby eliminate unnecessary reviews and reversals. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 76.) In the instant case defendant fulfilled the purpose of the rule through his numerous objections during the trial and his post-trial motion. The "motion for judgment of acquittal" attacked the competency of Officer Partipilo's testimony and the record on appeal demonstrates that defendant's counsel argued this contention when the motion was heard. Consequently, the motion afforded the trial court the opportunity to correct the alleged error and, thus, fulfilled the purpose of the statutory post-trial motion for a new trial. We do not believe that defendant should be precluded from his right to review because his counsel merely

mislabeled the post-trial motion or failed to recognize the remedies available to the trial court to dispose of the motion.

We note that the State's reliance upon *People v. Nelson*, 41 Ill. 2d 364, 243 N.E.2d 225, and *People v. Garner*, 6 Ill. App. 3d 1, 284 N.E.2d 440, is unfounded. In those cases, defendants filed motions for new trials which failed to include grounds later argued on appeal. In the instant case, defendant's post-trial motion clearly included the grounds now argued on appeal. The sole question here is whether the incorrect caption on the motion and defense counsel's statements now preclude review, and is not whether defendant failed to preserve the grounds at all in the trial court. Similarly, defendant can find no solace in Supreme Court Rule 366(b)(3)(ii) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(ii)) since that rule applies to the review of post-trial motions in civil actions and has not been incorporated to apply to criminal appeals through Supreme Court Rule 612. Ill. Rev. Stat. 1975, ch. 110A, par. 612.

■■ Since the question raised by the State's preliminary argument is whether or not a particular contention has been preserved for appellate review, we believe that the "substance" of the rule when satisfied should control over the "form" of the rule and, therefore, we will consider the merits of defendant's contention.

After carefully reviewing the procedures used by the trial court, we cannot say that the trial court erred in finding that Officer Partipilo testified from his own present recollection of the facts pertinent to the offense.

■■ It is well settled in Illinois that a witness may refresh and assist his memory by the use of a written memorandum when he is unable to remember relevant facts. (*People v. Griswold*, 405 Ill. 533, 92 N.E.2d 91.) Moreover, unlike those instances where through past recollection recorded the memorandum itself will be the evidence, the memorandum need not have been made by the witness nor be independently admissible into evidence, provided that, after inspecting it, the witness can speak to the facts from his own recollection. *People v. Krauser*, 315 Ill. 485, 146 N.E. 593; *Walsh v. Chicago Railways Co.*, 303 Ill. 339, 135 N.E. 709; *Scovill Manufacturing Co. v. Cassidy*, 275 Ill. 462, 114 N.E. 181; Cleary, Handbook of Illinois Evidence §6.8 (2d ed. 1962).

The manner and mode of refreshing a witness's memory and the reliability of the means of doing so rest largely within the discretion of the trial court. (*Kerz v. Arkin*, 2 Ill. App. 3d 1057, 278 N.E.2d 124.) The extent to which a witness may refer to a memory-refreshing writing is within the scope of the court's discretion, and the trial court's ruling in this respect will not be disturbed in the absence of abuse of discretion. (81 Am. Jur. 2d *Witnesses* §440 (1976).) Where facts related in the testimony are detailed,

the witness need not speak independent of the writing throughout his entire testimony, but may refer to it for the purpose of further jogging his memory. See *United States v. Riccardi* (3rd Cir. 1949), 174 F.2d 883.

■■ In the instant case, the trial court permitted Officer Partipilo to refresh his memory from his report at the beginning and again on two other occasions during his direct testimony. The court specifically admonished the witness to turn the report over and to put it aside before he resumed testifying. At no time did Officer Partipilo read directly from his report into evidence. After consulting the report initially, the witness demonstrated a competent grasp of the events surrounding defendant's arrest. Only when queried concerning his observations of defendant's appearance and deportment did he need to consult the report again. We do not believe that the mere fact the witness referred to his report again, *by itself*, indicates that he did not possess a sufficient present recollection of the pertinent facts.

*City of Crystal Lake v. Nelson*, 5 Ill. App. 3d 358, 283 N.E.2d 239, while seemingly similar to the case at bar is not controlling. In that case, the court held that while the method used in examining the testifying officer was not to be condoned, it did not constitute reversible error in that he may have read a portion directly from his report. To the contrary, at no time did the testifying officer in the instant case read directly from his report. The sole question presented here is whether multiple references to the refreshing report demonstrated the lack of a present recollection sufficient to support a conviction. We have held that on the basis of this record the trial court did not err in its judgment.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.