*In re* JAMES ALLEN THOMAS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JAMES ALLEN THOMAS, Respondent-Appellant.)

First District (5th Division)   No. 77-1483

Opinion filed October 20, 1978.

Ralph Ruebner and Susan McElroy, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Thomas V. Gainer, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, respondent was found to be in violation of the terms and conditions of his probation and was committed to the Department of Corrections. The issues raised on appeal are: (1) whether the trial court erroneously admitted hearsay testimony; and (2) whether such admission denied respondent the right of confrontation.

On May 26, 1975, respondent was found delinquent based upon the commission of the offense of theft and was placed on probation for a period of 10 months. As a condition of his probation and pursuant to Unified Delinquency Intervention Service placement, he was required to

reside in Lawrence Hall (the Hall), an institution where boys live under the care and direction of social workers.

Charles Sanders, program director of the Hall, testified that respondent was a resident there from December 2, 1975, to February 23, 1976, and that during this period he was personally aware of respondent's unauthorized absences from the Hall as it was his practice to take roll call whenever a runaway was reported to him by one of the social workers. He could not, however, recall the exact dates of such absences and, over defense objection, he was permitted to refresh his recollection of the dates in question by consulting a memorandum which had been prepared at his direction from the attendance records by his secretary.

Respondent testified that he knew that he was not supposed to leave the Hall; that on one occasion Sanders had given him a pass enabling him to visit his family; and that he had on four other occasions left the Hall without obtaining permission.

OPINION

Respondent first contends that the trial court erred by admitting hearsay testimony over his objection. It is his position that the testimony of Sanders regarding the dates of respondent's absences was inadmissible because (1) Sanders' recollection could not be properly refreshed as he had no independent knowledge of the facts to which he testified, and (2) he was improperly permitted to refresh his recollection from a document which was not an original record.

■■ ■ A witness may testify only to facts within his knowledge and recollection and to refresh and assist his memory he may be afforded the use of a written instrument, memorandum or entry in a book. (*People v. Griswold* (1950), 405 Ill. 533, 92 N.E.2d 91.) Here, it appears clear that Sanders testified he was personally aware of respondent's absences but did not remember the specific dates thereof until the memorandum in question was submitted to him. Respondent's objection to the witness reading from the document was sustained and Sanders was instructed to "look at the document, refresh your recollection as to it and then put the document aside." The record discloses that after this instruction was given him Sanders followed this procedure in testifying to the dates of respondent's absences and no objection was made that he was not testifying from a refreshed recollection. Neither did respondent develop during cross-examination that he was not so testifying. In view thereof, we reject respondent's first contention that Sanders' recollection could not be properly refreshed because he had no independent knowledge of the facts.

■ We also see no merit in respondent's second position that the memorandum was improperly used to refresh because it was not an

original record. As stated in *People v. Van Dyk* (1976), 40 Ill. App. 3d 275, 352 N.E.2d 327:

"[U]nlike those instances where through past recollection recorded the memorandum itself will be the evidence, the memorandum need not have been made by the witness nor be independently admissible into evidence, provided that, after inspecting it, the witness can speak to the facts from his own recollection. [Citations.]" 40 Ill. App. 3d 275, 279, 352 N.E.2d 327, 330.

In *Van Dyk* the question presented was whether the witness' multiple references to the refreshing report demonstrated a lack of present recollection. In determining such a lack was not shown we noted:

"The manner and mode of refreshing a witness's memory and the reliability of the means of doing so rest largely within the discretion of the trial court. [Citation.] The extent to which a witness may refer to a memory-refreshing writing is within the scope of the court's discretion, and the trial court's ruling in this respect will not be disturbed in the absence of abuse of discretion. [Citation.] Where facts related in the testimony are detailed, the witness need not speak independent of the writing throughout his entire testimony, but may refer to it for the purpose of further jogging his memory. [Citation.]" 40 Ill. App. 3d 275, 279-80, 352 N.E.2d 327, 330-31.

The State agrees that the memorandum would not have been admissible as a business record had it attempted to offer it as such into evidence but it argues that it did not do so and that the document was properly used to refresh the recollection of one with personal knowledge but an exhausted memory of its contents.

Sanders testified that respondent was a resident of the Hall during the term of and as a condition of his probation, that during such period he left without permission on several occasions. He was personally aware of such absences; however, he did not remember specific dates and the memo in question was shown to him to refresh his recollection of those dates. As pointed out above, he was instructed not to testify by reading from the document and, while he looked at the memorandum prior to testifying to each set of dates, we do not believe that the trial court abused its discretion in allowing such procedure here as it is impractical to ask one who performs a variety of daily functions to retain detailed recollection of a series of dates without being given the opportunity to refresh his recollection as to those dates. (See *Griswold*.) As the document used need not be admissible as a business record but need only serve to refresh recollection (see *Van Dyk*), we see no abuse of discretion in allowing Sanders to use the memorandum from time to time during his testimony to jog his memory as to the dates of respondent's absences.

Finally, respondent contends that the trial court, by allowing the use of the memorandum, deprived him of his constitutional right to confront and cross-examine witnesses, namely, the secretary who typed the memorandum and the person responsible for keeping the official record from which the memorandum was prepared. Again we see no merit in this contention.

The cases cited by respondent do not support his position as they were not concerned with the use of documents to refresh recollection but rather involved situations where witnesses having no personal knowledge testified to the contents of the documents. Here, Sanders testified that he was personally aware of respondent's absences and, as stated above, the record discloses that he used the memorandum only to refresh his recollection concerning dates and then testified from a refreshed recollection. When a witness uses a document in such a manner, it is not necessary that the author be present. It matters only that the document refreshes recollection. (*Griswold; Van Dyk.*) Because Sanders was available and, in fact, was cross-examined, respondent was not deprived of any right of confrontation.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.