# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Cundiff v. Patel*, 2012 IL App (4th) 120031

---

| | |
|---|---|
| Appellate Court Caption | BRADLEY CUNDIFF, Plaintiff-Appellant, v. GUNVANT PATEL, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0031 |
| Rule 23 Order filed | November 19, 2012 |
| Rule 23 Order withdrawn | November 30, 2012 |
| Opinion filed | November 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when he was rear-ended by defendant's vehicle, the trial court erred in excluding evidence of a conversation plaintiff had with an adjuster for his insurer in which plaintiff stated that he continued to have problems with his neck, since the adjuster could have testified about plaintiff's complaint without disclosing his role as an employee of plaintiff's insurer, and the testimony was not hearsay, because it was offered only to prove plaintiff complained, not the truth of the complaint. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 09-LM-474; the Hon. Chris Perrin and the Hon. April Troemper, Judges, presiding. |
| Judgment | Reversed and remand. |

| Counsel on Appeal | Thomas R. Ewick, of Shay & Associates, of Springfield, for appellant. |
| | |
| | Lori Poppe Hiltabrand, of Koepke & Hiltabrand, of Springfield, for appellee. |
| | |
| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. |
| | Justices Appleton and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1  In March 2009, plaintiff, Bradley Cundiff, sued defendant, Gunvant Patel, for negligence. In July 2010, defendant filed a motion *in limine* barring evidence relating to conversations between plaintiff and defendant's liability insurance provider. The trial court granted the motion. In September 2011, a jury returned a verdict in favor of plaintiff for $3,054.

¶ 2  Plaintiff appeals, arguing the trial court erred by granting defendant's motion *in limine* barring evidence of a conversation between plaintiff and defendant's liability insurance provider. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4  On March 30, 2009, plaintiff filed a negligence action against defendant alleging defendant negligently caused injuries resulting from an April 17, 2008, motor vehicle accident.

¶ 5  On July 9, 2010, defendant filed a motion *in limine* requesting the trial court to prohibit plaintiff from introducing evidence referring to insurance and all evidence relating to conversations between plaintiff and any State Farm Mutual Automobile Insurance adjuster. Attached to the motion was an activity log for Aimee Waldron, a State Farm employee, dated June 18, 2008. The activity log states:

"[S]poke with [plaintiff] and he states that he continues to have problems with neck and may seek chiro[pratic] treatment at this time[.] [E]xplain[ed] that we will hold bills that we have and we will follow up in 30-45 days to find out status of injury claim[.]"

Plaintiff argued the motion *in limine* should be denied because the communication between plaintiff and Waldron was relevant to show plaintiff indicated that he continued to experience neck problems between the accident and August 11, 2008, the date he sought chiropractic treatment; and the evidence could be introduced without indicating Waldron was an adjuster for State Farm. Judge Chris Perrin granted defendant's motion *in limine*.

¶ 6  In September 2011, Judge April G. Troemper held a jury trial. Evidence presented at trial is summarized as follows. On April 17, 2008, at approximately 5:30 p.m., plaintiff was

traveling along Burns Lane in Springfield, Illinois. He was traveling at approximately 40 miles per hour in his 1998 Saturn sedan when the vehicle in front of him suddenly stopped. After plaintiff stopped his car, defendant struck plaintiff's car in the rear with his 1999 Nissan Quest minivan. At the time, defendant was traveling approximately 30 miles per hour. Plaintiff's car made contact with the vehicle in front of him and suffered damage to both the front and rear end.

¶ 7    Plaintiff did not immediately seek medical attention. The next day, April 18, 2008, he went to Koke Mill Memorial Express Care (Express Care) and was treated by Dr. Rajesh Srinivasan. Plaintiff complained of pain to his neck, chest, and wrist. An X-ray was performed on plaintiff's shoulder and neck area. The X-ray indicated straightening of the normal cervical lordosis (cervical lordosis is the forward curvature of the cervical spine), loss of spinal disc height at spinal vertebrae C5-C6 and C6-C7, and moderate to severe neural foraminal stenosis at C6-C7 (neural foraminal stenosis is a narrowing of the spinal column). By deposition, Srinivasan opined the straightening of the cervical lordosis resulted from plaintiff straightening his neck because of neck pain, and the loss of spinal disc height and the foraminal stenosis could result from a degenerative condition. Srinivasan prescribed ibuprofen and Skelaxin (Skelaxin is a brand of prescription muscle relaxant medication). Srinivasan instructed plaintiff to consult his primary physician if the pain continued. Plaintiff incurred $1,054 in charges for his treatment on April 18, 2008.

¶ 8    On May 22, 2008, plaintiff sought medical treatment at Express Care for allergic complications resulting from buffalo gnat bites on his scalp (buffalo gnats are commonly known as black flies). Plaintiff again saw Srinivasan. During this visit, plaintiff did not mention suffering from neck pain to Srinivasan. On June 19, 2008, plaintiff sought medical treatment at Express Care for conjunctivitis. Plaintiff saw Dr. Renee Alonso. Plaintiff did not complain of neck, shoulder, or back pain to Alonso during the visit.

¶ 9    On August 11, 2008, plaintiff sought chiropractic treatment with Dr. John Warrington. Warrington performed a physical examination of plaintiff and noted fixations at vertebrae C3-C4, C4-C5, C5-C6, and C6-C7. He also noted spasms, tenderness, and edema in this area. He diagnosed plaintiff with cervical spine sprain-strain and a thoracic spine sprain-strain. By deposition, Warrington opined these sprains-strains were caused by the April 17, 2008, accident. Warrington's opinion was based on plaintiff's account of the accident and his objective findings of injuries consistent with a motor vehicle accident. Warrington could not affirmatively testify plaintiff, on the first day of treatment, complained his neck pain was constant for that day alone or had been constant since April 17, 2008. On October 19, 2008, plaintiff informed Warrington he was feeling better and Warrington released plaintiff from treatment. Plaintiff incurred $4,273 in charges for his chiropractic treatment with Warrington.

¶ 10    Plaintiff testified his neck pain continued from the time of the accident through the time he ended chiropractic treatment with Warrington.

¶ 11    At trial plaintiff did not make an offer of proof of Waldron's testimony or the June 17, 2008, activity log.

¶ 12    The jury returned a verdict against defendant for $3,054, itemized as $1,054 in medical

expenses and $2,000 in pain and suffering. The jury did not award damages for the cost of the August to October 2008 chiropractic treatment.

¶ 13    In October 2011, plaintiff filed a motion for a new trial alleging the trial court erred in granting defendant's motion *in limine* and excluding the June 17, 2008, activity log. Defendant's response to plaintiff's motion contended plaintiff waived the motion *in limine* issue by failing to make an offer of proof at trial. At the January 9, 2012, hearing Judge Troemper stated she found Judge Perrin's notes regarding the motion *in limine* and Waldron's testimony. Judge Perrin found Waldron's testimony was a "self-serving part of settlement negotiation[s]" and was inadmissible hearsay. Judge Troemper concurred with Judge Perrin's decision regarding Waldron's testimony and denied plaintiff's motion for a new trial.

¶ 14    This appeal followed.


¶ 15                              II. ANALYSIS

¶ 16    On appeal, plaintiff argues the trial court erred by granting defendant's motion *in limine* barring evidence of (1) a conversation between plaintiff and defendant's liability insurance provider, namely Waldron's testimony and (2) admission of the June 18, 2008, activity log. Specifically, plaintiff argues (1) the evidence corroborated his testimony he continued to have neck pain after the accident; (2) the evidence was not evidence relating to a settlement negotiation because it could have been introduced without mentioning Waldron was an insurance adjuster or defendant was protected by liability insurance; and (3) plaintiff's statement to Waldron was not hearsay as it was a statement of plaintiff's existing state of mind and physical condition. Defendant responds (1) the statement would prejudice defendant by informing the jury (a) of the presence of liability insurance, and (b) State Farm was willing to concede liability; (2) the statement was part of settlement negotiations; and (3) the trial court properly found the statement was hearsay as it is as "multiple level hearsay."


¶ 17                          A. Standard of Review

¶ 18    A trial court's decision in granting a motion *in limine* excluding evidence is reviewed for an abuse of discretion. *Lambert v. Coonrod*, 2012 IL App (4th) 110518, ¶ 18, 966 N.E.2d 583 (quoting *Swick v. Liautaud*, 169 Ill. 2d 504, 521, 662 N.E.2d 1238, 1246 (1996)).


¶ 19                  B. Properly Preserving Motion *in Limine* Issue

¶ 20    At trial, plaintiff did not attempt to introduce this evidence or request the trial court to revisit the motion *in limine* decision excluding Waldron's testimony and the activity log by making an offer of proof. Generally, a trial court's ruling on a motion *in limine* is interlocutory and remains subject to reconsideration by the court throughout the trial (*Guski v. Raja*, 409 Ill. App. 3d 686, 695, 949 N.E.2d 695, 704 (2011)), and the proponent's failure to make an offer of proof at trial forfeits review of the trial court's granting a motion *in limine* (*In re Estate of Nicholls*, 2011 IL App (4th) 100871, ¶ 36, 960 N.E.2d 78). See 3

-4-

Robert J. Steigmann & Lori A. Nicholson, Illinois Evidence Manual §§ 20:13 to 20:16 (4th ed. 2006) (discussing timeliness of motion *in limine* and preservation of issue for appeal). A formal offer of proof is made whereby counsel "offers the proposed evidence or testimony by placing a witness on the stand, outside the jury's presence, and asking him questions to elicit with particularity what the witness would testify to if permitted to do so." *People v. Pelo*, 404 Ill. App. 3d 839, 875, 942 N.E.2d 463, 494 (2010). Counsel can make an "adequate offer of proof if he informs the trial court, with particularity, of the substance of the witness' anticipated answer." *Snelson v. Kamm*, 204 Ill. 2d 1, 23, 787 N.E.2d 796, 808 (2003). "[A]n offer of proof serves dual purposes: (1) it discloses to the court and opposing counsel the nature of the offered evidence, thus enabling the court to take appropriate action, and (2) it provides the reviewing court with an adequate record to determine whether the trial court's action was erroneous." *Pelo*, 404 Ill. App. 3d at 875, 942 N.E.2d at 494. See 3 Robert J. Steigmann & Lori A. Nicholson, Illinois Evidence Manual §§ 20:17 to 20:19 (4th ed. 2006) (discussing offers of proof).

¶ 21 Had plaintiff attempted to introduce the testimony at trial, he would have had the opportunity to make a formal offer of proof. In turn, the offer of proof would have allowed (1) the trial court with an opportunity, in light of the developments at trial and the parties' theory of the case, to reconsider excluding Waldron's testimony before the jury considered the evidence, and (2) plaintiff with the opportunity to (a) assert the testimony was relevant to rebut defendant's argument that he did not complain of neck pain after the accident until seeking chiropractic treatment in August 2008, and (b) demonstrate how Waldron's testimony could be presented without reference to liability insurance or settlement negotiations. Plaintiff could have argued, particularly on rebuttal, considering defendant's theory that plaintiff did not complain of neck pain to two doctors from April to August 2008, had in fact on June 18, 2008, he told defendant's agent of neck pain and that he was considering seeking chiropractic treatment. With the proffered evidence before it and given the evidence presented a trial, Judge Troemper could have reconsidered admitting Waldron's testimony, even on limited matters, for such a limited purpose.

¶ 22 Defendant, in his response to plaintiff's motion for a new trial and at the hearing on that motion, argued plaintiff failed to preserve the trial court's motion *in limine* ruling by failing to make an offer of proof at trial; however, he does not make this argument on appeal. Pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008), a party's failure to argue a point in his brief will result in forfeiture of the issue on appeal. As a result of plaintiff and defendant's defaults, we are presented with a case where the proponent of the evidence failed to renew his objection to the trial court's exclusion of the evidence at trial and where the appellee abandoned this point on appeal.

¶ 23 We relax plaintiff's failure to make an offer of proof because (1) he tells us he intended to offer Waldron's testimony because it was relevant to show he "voiced continued neck pain and a desire to see a chiropractor" and (2) the record contains a basis for Judge Perrin's decision to exclude Waldron's testimony, indicating he understood what she would testify to if permitted (see *Guski*, 409 Ill. App. 3d at 695, 949 N.E.2d at 704 ("[W]here it appears that the circuit court understood the nature and character of the evidence sought to be presented, we may relax the forfeiture rule.")). We conclude plaintiff has forfeited review of

the trial court's decision to exclude the activity log as he made no offer of proof to provide the foundational evidence required to introduce documentary evidence, and we confine our review to Waldron's testimony about the June 18, 2008, conversation with plaintiff. See generally *In re Thomas*, 65 Ill. App. 3d 136, 139, 382 N.E.2d 556, 559 (1978) (document used to refresh witnesses recollection need not be admissible as a business record).

¶ 24    C. Exclusion of Evidence of Plaintiff's Conversation With Insurance Adjuster

¶ 25    Plaintiff contends Waldron's testimony was relevant to corroborate his testimony he experienced neck pain between April 18, 2008, and August 11, 2008. Defendant's assertion throughout the trial that plaintiff did not discuss neck pain during the two Express Care visits implied plaintiff's neck pain and chiropractic treatment was not caused by the April 2008 accident. Specifically, plaintiff asserts he intended Waldron's testimony to counter defendant's evidence plaintiff did not complain of neck pain during the May and June 2008 visits to Express Care by showing he complained of neck pain on June 18, 2008, prior to seeking chiropractic treatment, *i.e.*, as rebuttal evidence.

¶ 26    1. *Exclusion as Statements in Settlement Negotiations*

¶ 27    It has long been held it is improper to inform the jury, either directly or indirectly, that the defendant is insured against liability as it is irrelevant to prove negligence and is prejudicial to the defendant. *Rush v. Hamdy*, 255 Ill. App. 3d 352, 361, 627 N.E.2d 1119, 1125 (1993). As a general rule under Illinois law, matters relating to offers of settlement are inadmissible (*Quinlan v. Stouffe*, 355 Ill. App. 3d 830, 837, 823 N.E.2d 597, 603 (2005)), and section 8-1901 of the Code of Civil Procedure makes an offer to pay for medical services inadmissable to prove liability (735 ILCS 5/8-1901(a) (West 2010); see also Ill. R. Evid. 411 (eff. Jan. 1, 2011)). Proper foundation about how a witness knew the caller's identity must be laid for testimony regarding a telephone conversation. *People v. Caffey*, 205 Ill. 2d 52, 94-95, 792 N.E.2d 1163, 1191 (2001).

¶ 28    Here, these issues could easily be avoided by stipulation. A stipulation would avoid alluding to Waldron's role as defendant's liability insurance adjuster by providing she was defendant's agent who knew plaintiff. This would not disclose the full nature of their relationship or the context of the communication. All Waldron would need to testify to is that on June 18, 2008, plaintiff complained to her he was continuing to have neck problems and considering seeking chiropractic treatment. The jury would never need to learn Waldron was an insurance adjuster or that the communication included Waldron's reference to holding medical bills.

¶ 29    2. *Exclusion on Hearsay Basis*

¶ 30    Hearsay is a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ill. R. Evid. 801(c) (eff. Jan. 1, 2011). "[T]estimony about an out-of-court statement which is used for a purpose other than to prove the truth of the matter asserted in the statement is not hearsay ***."

-6-

*People v. Banks*, 237 Ill. 2d 154, 180, 934 N.E.2d 435, 449 (2010). Testimony that is offered to establish the declarant made the statement is not hearsay. *People v. Carpenter*, 28 Ill. 2d 116, 121, 190 N.E.2d 738, 741 (1963).

¶ 31 Plaintiff sought to introduce this evidence to prove he complained of neck pain during the period from the date of the accident until August 18, 2008, and not that he actually had continuing neck pain. Waldron's testimony about the June 18, 2008, conversation was offered to prove plaintiff complained of neck pain. As the statement was not offered to prove the truth of the matter asserted, it is not hearsay.

¶ 32 We note Waldron's testimony could be duplicative of plaintiff's own direct testimony he suffered from continual neck pain between the date of the accident until August 18, 2008. See *Caffey*, 205 Ill. 2d at 92, 792 N.E.2d at 1190 ("Error in the exclusion of hearsay testimony is harmless where the excluded evidence is merely cumulative of other evidence ***."). However, the evidence has additional probative value to show plaintiff complained of neck pain on June 18, 2009.

¶ 33                                                    III. CONCLUSION

¶ 34 For the foregoing reasons, we reverse the trial court's judgment and remand for a new trial.

¶ 35 Reversed and remand.