NOTICE

Decision filed 04/24/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220234-U

NO. 5-22-0234

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 20-CF-259 |
| | ) | |
| CLARENCE FOSTER, | ) | Honorable |
| | ) | Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where there is no arguable merit to contentions that the evidence at trial was insufficient to convict the defendant of driving on a suspended license, the trial court erred in its evidentiary rulings, or the court failed to conduct a proper fitness hearing, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the trial court's judgment.

¶ 2    Following a jury trial, the defendant, Clarence Foster, was found guilty of driving with a suspended driver's license (625 ILCS 5/6-303(d) (West 2020)). He filed a notice of appeal. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded there was no reasonably meritorious argument that his convictions should be reversed. Accordingly, it filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD notified the defendant of its motion, and this court provided him with an opportunity to respond. He did not. After considering the record on appeal,

1

OSAD's motion, and its supporting memorandum, we agree this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                 BACKGROUND

¶ 4     Defendant was charged with driving with a suspended driver's license (625 ILCS 5/6-303(d) (West 2020)). The only witness at trial was Salem police officer Taylor Rose, who testified as follows. He received information that the defendant—whose driver's license was suspended—was about to leave his job at Walmart in Salem, Illinois, and drive. Officer Rose was familiar with the defendant and his car. Officer Rose parked some distance away from Walmart and used binoculars to watch the defendant's car. He saw the defendant get in his car and drive out of the parking lot. No one else was in the car. Officer Rose notified Officer Potter that the defendant was heading east on Main Street.

¶ 5     Officer Rose learned that Officer Potter stopped the defendant's car at the intersection of Main Street and Kinney Boulevard, in Salem, Illinois. Officer Rose drove to that location in less than a minute. Upon arrival, he saw the defendant get out of the driver's side of the car. No one else was in the car. In response to his inquiry, the dispatcher informed Officer Rose that the defendant's license was " 'suspended/revoked.' "

¶ 6     Officer Rose was unable to recall the defendant's date of birth. Over defense counsel's objection, he was allowed to refresh his recollection with Potter's report. After reviewing Officer Potter's police report, Officer Rose averred that he recalled the defendant's date of birth.

¶ 7     Although no witness testified about it, the jury was provided with a redacted copy of the defendant's driving abstract which showed his license was suspended but not the reason for the suspension. The jury found the defendant guilty.

¶ 8　　In a posttrial motion, the defense argued that the trial court erred by allowing Officer Rose to refresh his recollection with a report that he did not author and the State did not prove the defendant guilty beyond a reasonable doubt where Officer Rose never saw him drive on a public street. The court denied the motion.

¶ 9　　Prior to sentencing, defense counsel stated that, based on her conversations and correspondence with the defendant, a *bona fide* doubt of the defendant's fitness existed. The court ordered a fitness evaluation. The evaluator concluded that, although the defendant had some mental health issues, he was fit for trial. The parties stipulated to the admissibility of the report. The court stated, "Based on the report, I'll find the defendant is fit."

¶ 10　　Following a sentencing hearing, the court sentenced the defendant to 90 days in jail and two years' probation. The defendant timely appeals.

¶ 11　　　　　　　　　　　　　　　　ANALYSIS

¶ 12　　OSAD concludes there is no reasonably meritorious argument that (1) the defendant was not proved guilty beyond a reasonable doubt or (2) the trial court committed reversible error by (a) allowing Officer Rose to refresh his recollection with another officer's police report, (b) admitting the defendant's driving abstract without laying a foundation, and (c) failing to independently determine whether the defendant was fit for sentencing. We agree.

¶ 13　　OSAD first concludes the evidence was sufficient. Where a defendant challenges the sufficiency of the evidence, we decide only " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. De Filippo*, 235 Ill. 2d 377, 384-85 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Circumstantial

evidence is sufficient if it proves beyond a reasonable doubt each element of the charged offense. *People v. Hall*, 194 Ill. 2d 305, 330 (2000).

¶ 14     The defendant was charged with driving with a suspended license. To convict him of this offense, the State had to prove that (1) he drove or was in actual physical control of a motor vehicle on a highway of this state and (2) his driver's license was suspended at the time. 625 ILCS 5/6-303(a) (West 2020).

¶ 15     The defendant argued below that Officer Rose never saw him drive on a public highway. This may be, but Officer Rose's testimony was more than sufficient to prove circumstantially that the defendant drove on a public roadway. He saw the defendant drive out of the Walmart parking lot. The defendant was the only person in the car. Less than a minute later, he saw the car pull over on Main Street, and the defendant exited on the driver's side. It was thus reasonable for the jury to infer that the defendant drove from Walmart to the intersection of Main Street and Kinney Boulevard. Indeed, given that no one else was seen in the car, it is difficult to imagine how the defendant got there unless he drove himself. Thus, the evidence was sufficient to prove that the defendant drove on a public road.

¶ 16     OSAD also concludes there is no good-faith argument that the court erred by allowing Officer Rose to refresh his recollection with Officer Potter's report. A document may be used to refresh a witness's recollection while he is testifying. *People v. Shatner*, 174 Ill. 2d 133, 153 (1996). After the witness's recollection has been refreshed, the witness then testifies from his independent recollection. *People v. Pappas*, 66 Ill. App. 3d 360, 374 (1978) (citing *People v. Van Dyk*, 40 Ill. App. 3d 275, 279 (1976)). "[A] witness may refresh his recollection from virtually any source," with the trial court having wide discretion in this regard. *Id.* Accordingly, there is no meritorious argument that the court erred in allowing Officer Rose to refresh his recollection with

4

another officer's report. See *Van Dyk*, 40 Ill. App. 3d at 279 (the document used to refresh a witness's memory "need not have been made by the witness nor be independently admissible into evidence, provided that, after inspecting it, the witness can speak to the facts from his own recollection").

¶ 17　OSAD next concludes there is no meritorious argument that the court erred by admitting the defendant's driving abstract despite a lack of foundation. Generally, to lay a foundation for the admission of a public record, the proponent must show that the document is reliable and accurate. *Village of Arlington Heights v. Anderson*, 2011 IL App (1st) 110748, ¶ 14. However, a foundation is not required if the public record is self-authenticating. *People ex rel. Madigan v. Kole*, 2012 IL App (2d) 110245, ¶ 56.

¶ 18　A driving abstract is such a self-authenticating record. The Secretary of State is required to retain records of license revocations and suspensions and any convictions related thereto. 625 ILCS 5/6-117(b)-(c) (West 2020). The Secretary of State is also authorized to "prepare under the seal of the Secretary of State certified copies of any records of his office and every such certified copy shall be admissible in any proceeding in any court." *Id.* § 2-108. Thus, in any prosecution under the Illinois Vehicle Code, a court may consider an electronically transmitted copy of a defendant's driving abstract as long as it is certified. *People v. Meadows*, 371 Ill. App. 3d 259, 263 (2007).

¶ 19　Here, each page of the defendant's abstract contains the State seal and is signed by Jesse White, who was the Illinois Secretary of State, certifying that they are true and accurate copies. Thus, the abstract was properly certified, and the court did not err in admitting it without requiring the State to lay a foundation.

5

¶ 20    OSAD finally concludes the court did not err in finding the defendant fit for trial. The due process clause of the fourteenth amendment bars prosecuting a defendant who is unfit to stand trial. *People v. Holt*, 2014 IL 116989, ¶ 51 (citing *People v. Shum*, 207 Ill. 2d 47, 57 (2003)). A defendant is unfit to stand trial if, based on a "mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2020); *People v. Burton*, 184 Ill. 2d 1, 13 (1998).

¶ 21    When a *bona fide* doubt of a defendant's fitness arises, the court must make an independent finding that the defendant is fit to proceed. *People v. Cook*, 2014 IL App (2d) 130545, ¶ 14. If the court does not conduct an independent inquiry into a defendant's fitness "but, instead, relies exclusively on the parties' stipulation to a psychological report finding the defendant fit, the defendant's due process rights are violated." *Id.* ¶ 15. "However, where a trial court's finding of fitness is based not only on stipulations but also on its observations of the defendant and a review of a psychological report, the defendant's due process rights are not offended." *Id.*

¶ 22    Here, the court followed the proper procedure. The parties stipulated only that the report was admissible, not that it conclusively established the defendant's fitness. The court stated that, "[b]ased on the report," it found the defendant fit, indicating that the court had independently reviewed the report and made its own finding of the defendant's fitness. Although the court did not specifically mention that it was relying on its observations of the defendant during the trial, a trial judge is presumed to know the law, and on review, we presume that, absent an affirmative indication to the contrary, the trial judge followed the applicable law. *People v. Reber*, 2019 IL App (5th) 150439, ¶ 85.

6

¶ 23                                      CONCLUSION

¶ 24    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and

affirm the circuit court's judgment.


¶ 25    Motion granted; judgment affirmed.