found in contempt for failure to install a fire alarm system in its theatre as required by the ordinance and injunction, and having failed to prosecute a timely appeal from the injunctional decree is now in no position to question its validity here.

The trial court was clothed with large discretion in enforcing obedience to its orders and in determining the extent of the punishment for non-compliance. (*The Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union* (1919), 290 Ill. 301, 306; *Board of Junior College v. Cook County College Teachers Union* (1970), 126 Ill.App.2d 418, 431-432.) The trial court's rejection of defendant's stated reasons for non-compliance with the injunction was not an abuse of discretion. The record before us fails to disclose any reasonable basis for defendant's belief that the injunctional decree was not a final order justifying disregard of its terms.

For the reasons stated, the order striking a portion of the notice of appeal is vacated and the appeal from the May 9, 1972, injunction order is dismissed. The judgment of contempt is affirmed.

Appeal dismissed in part; the judgment finding defendant in contempt is affirmed.

T. MORAN, P. J., and GUILD, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BAUER, Defendant-Appellant.

(No. 73-211;

Third District—May 10, 1974.

PER CURIAM.

James Geis, Deputy Defender, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria, for the People.