THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DISMORE, Defendant-Appellant.

(No. 74-307;

Fifth District—October 31, 1975.

Demetri Hassakis, of Mt. Vernon, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a consolidated appeal from judgments entered after negotiated pleas of guilty in four separate cases by the Circuit Court of Jefferson County. The defendant, Charles Dismore, was adjudged guilty of the offenses of deceptive practices, unlawful possession of instruments adapted for the use of controlled substances or cannabis by subcutaneous injection, burglary, and seven counts of forgery. The court sentenced

the defendant in accordance with the plea agreement to one year, to a fine of $65, and to costs in the amount of $22.40 on each of the misdemeanor charges. For the burglary, and for each of the seven counts of forgery, the defendant received a sentence of two to six years' incarceration. The record indicates that all the sentences imposed were to run concurrently.

The defendant raises the following issues on appeal: (1) whether the conviction for deceptive practices was void because the complaint purported to allege an offense which occurred on October 3, 1973, in violation of a statute (Ill. Rev. Stat., 1973, ch. 38, § 17—1(e)1) that had been repealed on October 1, 1973; (2) whether the convictions on the seven counts of forgery are void for reason that none of the counts charge the defendant with a criminal offense; (3) whether the trial court failed to comply substantially with the requirements of Illinois Supreme Court Rule 402; (4) whether the judgments in all four cases should be reversed because they do not conform with the court's pronouncements on January 19, 1974, or with the negotiated plea agreement, or because they did not accurately reflect the judgments of the court; (5) whether the court complied with the requirements of Supreme Court Rule 401(a) regarding waiver of counsel at the sentencing hearing.

On May 3, 1974, the defendant was brought into court pursuant to an arrest warrant served on him in response to the seven count forgery indictment. Upon being offered appointed counsel by the judge, the defendant informed the court that he would retain a private lawyer. On June 17, 1974, the defendant appeared twice in open court. At his first appearance, for arraignment on the burglary charge, the defendant was again offered counsel. The court continued the arraignment for the defendant to retain counsel until June 20. However, later that same day, the defendant appeared before another judge and requested to enter negotiated pleas of guilty in all four cases. The misdemeanor cases, deceptive practices and unlawful possession of drug paraphernalia, were charged by complaint. The forgery charges, consisting of seven counts, were by indictment, and the burglary charge was on a complaint to which the defendant waived indictment.

The defendant first contends that his conviction for deceptive practices was void because the complaint to which he entered his plea purported to allege an offense which occurred on October 3, 1973, in violation of a statute (Ill. Rev. Stat. 1973, ch. 38, § 17—1(e)1) that had been repealed on October 1, 1973. The criminal complaint charged that on October 3, 1973, the defendant committed the offense of deceptive practices in that:

"[he] did with the intent to defraud, knowingly obtain without the consent of Guy Randall, property of Wayne Shull, doing business as Shulls' West Shell Service, 3401 Broadway, Mt. Vernon, Illinois, being gasoline, having a total value of less than $150.00 by use of a credit card which was issued to Guy Randall, in violation of paragraph 17—1(e-1), Chapter 38, Illinois Revised Statutes."

Section 1—3 of the Criminal Code of 1961 provides in pertinent part:

"No conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State. \* \* \*."

The complaint in the instant case charges the defendant with the crime of deceptive practices in violation of "paragraph 17—1(e-1), Chapter 38, Illinois Revised Statutes" and alleges the date of the offense as October 3, 1973. Section 17—1 of the Criminal Code of 1961 had been repealed on October 1, 1973. Effective October 1, 1973, however, the Illinois Credit Card Act (Ill. Rev. Stat. 1973, ch. 121½, §§ 601—624) contained the following provision:

"A person who, with intent to defraud either the issuer, or a person providing money, goods, property, services or anything else of value, or any other person, (i) uses, for the purposes of obtaining money, goods, property, services or anything else of value a credit card obtained or retained in violation of this Act or without the cardholder's consent, or a credit card which he knows is counterfeited, or forged, or expired, or revoked, or (ii) obtains money, goods, property, services or anything else of value by representing without the consent of the cardholder that he is the holder of a specified card or by representing that he is the holder of a card and such card has not in fact been issued, is guilty of a Class A misdemeanor if the value of all money, goods, property, services, and other things of value obtained in violation of this section does not exceed $150 in any 6-month period; \* \* \*." (Ill. Rev. Stat. 1973, ch. 121½, § 608.)

Although the complaint certainly did not describe conduct that constituted an offense under the Criminal Code, it did describe acts that constituted an offense under the newly enacted Credit Card Act. For this reason, the State submits that the defect here of citing the wrong statute in the complaint was merely a formal defect which did not prejudice the defendant. We agree.

■■ The fact that a criminal complaint includes an incorrect citation of the criminal statute violated does not require reversal of a defendant's conviction, unless the defendant was prejudiced by the miscitation. (See *People v. Aprile,* 15 Ill.App.3d 327; *cf. People v. Pronger,* 48 Ill.App.2d

477.) In the instant case the defendant neither claims nor does he show any prejudice resulting from the State's error in citation. He was apprised of all the elements of the offense intended to be charged. Having pleaded guilty, he was not hampered in the preparation of a defense. Furthermore, he could plead the judgment entered on his plea as a bar to any further prosecution of the same offense. (*People v. Pruden*, 25 Ill.App.3d 47.) The fact that former section 17—1(e)(1) of the Criminal Code was removed from the Code, reworded, and incorporated into the Credit Card Act does not give rise to violation of any of the defendant's statutory or constitutional rights. Although the defendant was not perfectly charged with the offense of deceptive practices, he was properly charged.

The defendant next contends that the forgery indictment is fatally defective because it does not allege a crime under section 17—3 of the Criminal Code. He argues that either the instant documents were not capable of defrauding or they were not capable of defrauding on their face and insufficient extrinsic facts were averred to make them apparently capable of defrauding. The indictment on each of its seven counts purports to charge defendant with a separate offense of forgery pursuant to section 17—3(a)(1) of the Criminal Code of 1961. Each of the counts recite that the defendant, "with the intent to defraud, did knowingly make a document apparently capable of defrauding another, in that it purported to have been made by another" (John Ralston in Counts II, III, IV, V and VI, and James Ralston in Counts I and VII). Then the counts of the indictment vary as follows:

COUNT I "* * * said document being a Guest Registration card for Room 134 of the Holiday Inn, Mt. Vernon, * * *; (James Ralston)

COUNT II "* * * said document being a restaurant check number 42608 of the Viking Restaurant of the Holiday Inn, Mt. Vernon, Illinois, said check charged to Room 134 and in the amount of $6.97 * * *"; (John Ralston)

COUNT III "* * * said document being a restaurant check number 42606 of the Viking Restaurant of the Holiday Inn, Mt. Vernon, Illinois, said check changed to Room 134 and in the amount of $20.08 * * *"; (John Ralston)

COUNT IV "* * * said document being a restaurant check number 42603 of the Viking Restaurant of the Holiday Inn, Mt. Vernon, Illinois, said check charged to Room 134 and in the amount of $2.68 * * *"; (John Ralston)

COUNT V "* * * said document being a restaurant check number 42611 of the Viking Restaurant of the Holiday Inn, Mt.

500

Vernon, Illinois, said check charged to Room 134 and in the amount of $20.08 * * *"; (John Ralston)

COUNT VI "* * * said document being a restaurant check number 42615 of the Viking Restaurant of the Holiday Inn, Mt. Vernon, Illinois, said check charged to Room 134 and in the amount of $1.58 * * *"; (John Ralston)

COUNT VII "* * * said document being a balance statement of the Holiday Inn, Mt. Vernon, Illinois, Folio number 08199 for Room 134 in the amount of $69.76 * * *." (James Ralston)

"A person commits forgery when, with the intent to defraud, he knowingly * * * makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another * * * or by authority of one who did not give such authority; * * *." (Ill. Rev. Stat. 1973, ch. 38, § 17—3(a)(1).) "An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property. * * * A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated." Ill. Rev. Stat. 1973, ch. 38, §§ 17—3(b), (c).

■■ An indictment must be in writing, state the name of the offense, the statutory provision alleged to have been violated, the nature and elements of the offense charged, and the name of the accused. (Ill. Rev. Stat. 1973, ch. 38, § 111—3.) The general tests regarding the sufficiency of an indictment * * * "are whether it would enable the defendant to prepare his defense and whether it would sustain a plea of judgment or bar any further prosecution for the same offense." (*People ex rel. Miller v. Pate*, 42 Ill.2d 283.) Indictments for forgery also need no longer set out *in haec verba* the document upon which the offense is charged. The latter rule is the result of the incorporation by the new Criminal Code into one forgery statute of the separate statutes proscribing forgery of specified types of instruments or documents which existed prior to that code. It is also consistent with the goal of the new Code of Criminal Procedure to abandon technical pleading requirements for indictments. (Ill. Rev. Stat. 1973, ch. 38, par. 101—1, and Committee Comments; *People ex rel. Miller v. Pate*.) However, an indictment must still indicate that the document was apparently capable of defrauding. (*People v. Moats*, 8 Ill.App.3d 944; *People v. Moyer*, 1 Ill.App.3d 245.) Thus, where the description of the document in itself does not show that it was capable of defrauding, extrinsic facts must be alleged sufficient

to demonstrate its potential for fraudulent use. *People v. Moyer.* See also *People v. Ciralsky,* 360 Ill. 554; *Goodman v. People,* 228 Ill. 154.

■■ We believe that the counts of the forgery indictment fail to meet this standard. In each count of the indictment the "document apparently capable of defrauding" is simply alleged to be either a guest registration card (Count I), a restaurant check (Counts II-VI), or a balance statement (Count VII). No further averment is made as to how these items are documents capable of defrauding. Rather, these are, at best, merely evidence that defendant, or John or James Ralston, was indebted to the Mt. Vernon Holiday Inn.

These memoranda are analogous to the sales receipts and application for credit in *People v. Moyer.* In that case, the Appellate Court for the Second District ruled that the sales receipts and credit application were documents capable of defrauding, but only because the indictment stated sufficient extrinsic facts to demonstrate their fraudulent character, as those instruments on their face, showed no tendency to defraud. The sales receipts and application for credit in that case were like the items here, at best mere evidence of indebtedness. In themselves, they did not create, transfer, alter or terminate any right, obligation or power with respect to any person or property. However, the indictment in *Moyer* also alleged that the sales receipts were forged with a fictitious name, "on the account and credit of another, and the defendant thereby obtained clothing which was charged to the account of another," and thus, adequately alleged facts to show that the sales receipt and application for credit were documents capable of defrauding. (1 Ill.App.3d 245, 249.) In the present case, however, the indictment contained no allegation as to the manner in which the items were capable of defrauding. Since the indictment failed to adequately allege an essential element of that offense it was void and conferred no jurisdiction upon the trial court. Thus, the defendant's conviction for forgery may not be upheld, though he pleaded guilty and may raise this defect for the first time on appeal. *People ex rel. Kelley v. Frye,* 41 Ill.2d 287; *People v. Greer,* 18 Ill.App.3d 617; *People v. Moats.*

■■ The defendant's third contention is that the trial court failed to comply substantially with the requirements of Illinois Supreme Court Rule 402. A review of the record, however, reveals the contrary. The judge admonished the defendant of the nature of the charges of forgery, burglary, deceptive practices, and unlawful possession of drug paraphernalia. After the State's Attorney had outlined the plea agreement, the court explained to the defendant the maximum and minimum sentences, the fine, and costs that would be imposed under the plea agreement, in-

cluding the concurrent nature of the sentences. The defendant was also advised of his rights to plead not guilty, to a jury trial, and to confrontation of the witnesses against him. He was informed that in the event of a trial, the State had a duty to prove him guilty beyond a reasonable doubt. Thereafter, the defendant indicated that he understood the terms of the negotiated plea agreement and all the rights that he was waiving by pleading guilty.

■■ The judge determined that no threats, promises, or undue influence was used in obtaining the plea. The State's Attorney then established a factual basis for each charge. The defendant agreed that the testimony in each case would be as the prosecutor had outlined it. At the sentence hearing, the court imposed sentences in accordance with the plea agreement as had been earlier stated during the plea proceeding, with two minor exceptions. First, the fines imposed on each misdemeanor were reduced from $70 to $65. Also, the trial judge stated that the sentences would be "consecutive." However, the record as a whole indicates that this remark was an inadvertent misstatement by the judge of the plea agreement and concurrent sentences were the intended judgment in conformance with the plea agreement. The record indicates that in all other respects, the sentences accurately reflect the plea agreement.

The only deviation from literal compliance with Rule 402 is that the trial court made no explicit statement to the defendant that he had the right to persist in a not-guilty plea. But the language of the court, and its repeated statements to the defendant of his right to a jury trial and to plead not guilty substantially fulfilled the purpose of this requirement. Therefore, we find that there was substantial compliance with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) and defendant's guilty plea was knowingly and voluntarily made. See *People v. Bauer,* 19 Ill.App.3d 333; *People v. Unger,* 23 Ill.App.3d 525.

■■ Finally, the defendant contends that he was not offered nor did he waive the representation of counsel at his sentence hearing. The sentencing of a defendant is a critical stage of the proceedings and he is entitled to be represented by counsel at that time if he so desires. (*Mempa v. Rhay,* 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254 (1967); *People v. Vesley,* 86 Ill.App.2d 283.) A finding of waiver of right to counsel will not be made unless the record affirmatively discloses at each critical stage of the proceedings the court specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. (*People v. Hessenauer,* 45 Ill.2d 63.) And although a defendant has previously effectively waived the right to counsel, this

waiver will not prospectively apply to a subsequent sentencing hearing. *People v. Miles*, 20 Ill.App.3d 131; *People v. Hinkle*, 1 Ill.App.3d 202.

Even though the plea and sentencing hearings in the instant cases were conducted only two days apart, it is our opinion that the defendant should have been offered counsel before sentencing. (*People v. Miles*. But *cf. People v. Matychowiak*, 18 Ill.App.3d 739 (dissenting opinion).) Although the record establishes a knowing and intelligent waiver of counsel at the plea hearing, it is silent regarding a waiver of this right at the sentencing hearing. Thus, the protections afforded in *Miles* are applicable to the instant circumstances, and this cause must be remanded for resentencing.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Jefferson County entered on the negotiated pleas of guilty to the offenses of burglary, deceptive practices, and unlawful possession of instruments adapted for the use of controlled substances or cannabis by subcutaneous injection, but remand this cause for resentencing consistent with this opinion. We reverse the judgment entered on the forgery charges.

Affirmed in part; reversed in part; remanded for resentencing.

G. MORAN and KARNS, JJ., concur.