NOTICE
Decision filed 04/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160317-U

NO. 5-16-0317

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 11-CF-287 |
| | ) | |
| MARY R. ZUMWALT-JOPHLIN, | ) | Honorable |
| | ) | Thomas J. Tedeschi, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the circuit court's order denying defendant's motion to withdraw her guilty plea where defendant failed to establish that she received ineffective assistance of counsel.

¶ 2 Defendant, Mary R. Zumwalt-Jophlin, appeals from an order of the circuit court of Franklin County which denied her motion to withdraw her guilty plea. On appeal, defendant contends she received ineffective assistance of counsel after postplea counsel failed to argue that the charge of aggravated battery of a child, as alleged in the second amended information, did not state an offense because it was premised on an invalid statute. We affirm.

¶ 3 I. Background

¶ 4 On July 21, 2011, defendant was charged by information with one count of concealment of a homicidal death (720 ILCS 5/9-3.4(a) (West 2010)), a Class 3 felony, and one count of

1

obstructing justice (*id.* § 31-4(a)), a Class 4 felony. The charges stemmed from the events and circumstances surrounding the death of defendant's eight-year-old daughter, Alexus, on July 19, 2011. The information generally alleged that defendant, after concealing Alexus's body in the basement of her residence, reported to police that she was missing. The State subsequently amended the information to add one count of first-degree murder (*id.* § 9-1(a)(2)), alleging that defendant's acts resulted in the drowning death of Alexus on July 19, 2011.

¶ 5    On August 17, 2015, after extensive pretrial litigation and discovery, the State again amended the information to add two additional counts—(1) aggravated battery to a child (*id.* § 12-4.3), a Class X felony, and (2) involuntary manslaughter (*id.* § 9-3(a)), a Class 2 felony. The second amended information alleged that, on July 19, 2011, "[defendant], a person 18 years of age or older, committed the offense of AGGRAVATED BATTERY OF A CHILD in that said defendant knowingly and without legal justification caused great bodily harm to [Alexus], a minor child under the age of 13 years, by striking [Alexus] in the head while [Alexus] was in a bathtub ***." (Emphasis in original.) The second amended information also alleged that, on July 19, 2011, defendant unintentionally killed Alexus, "who had been injured in the bathtub where she ingested water into her lungs," by recklessly placing her on the floor without providing adequate life-saving measures, "thereby causing the death of [Alexus]."

¶ 6    Later that same day, the parties entered into a negotiated plea agreement. Defendant agreed to plead guilty to the charges of concealment of a homicidal death, aggravated battery of a child, and involuntary manslaughter in exchange for the State's dismissal of the remaining charges of first-degree murder and obstructing justice. The parties also agreed to concurrent 25-year and 14-year sentences for the aggravated battery of a child and involuntary manslaughter convictions, respectively, and to a consecutive 10-year sentence for the concealment of a homicidal death

2

conviction. The circuit court accepted the negotiated plea agreement and imposed the agreed-upon sentences.

¶ 7    On September 3, 2015, the State filed a motion for a *nunc pro tunc* order to correct the August 17, 2015, sentencing order, stating that "an error occurred *** in that the correct statutory citation for the offense of aggravated battery of a child *** effective July 1, 2011 *** was 720 ILCS 5/12-3.05(b)(1) rather than 720 ILCS 5/12-4.3 as cited in both the second amended information and the sentencing order." As requested, the circuit court entered a corrected sentencing order. The second amended information was not amended.

¶ 8    On September 16, 2015, defendant filed a *pro se* "petition to withdraw her guilty plea and vacate sentence," pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014), alleging the following:

> "There is no factual basis to support plea. There is DNA to prove that and that DNA evidence was not presented at any time. Plus[,] there was a statement made that discredits (cast doubt to) someones [*sic*] alibi and that was never presented either. Plus[,] neighbor made statement where he/she would have been a pertinent witness."

Shortly thereafter, the circuit court appointed postplea counsel to represent defendant.

¶ 9    On March 18, 2016, postplea counsel filed an amended Rule 604(d) motion, along with a Supreme Court Rule 604(d) (eff. Mar. 8, 2016) certificate. Defendant's amended Rule 604(d) motion alleged, *inter alia*, that defendant's guilty plea was not knowingly and voluntarily made due to her "highly emotional" condition. Moreover, the amended Rule 604(d) motion asserted that plea counsel led defendant to believe she "had no other choice but to enter into a plea agreement," and that the circuit court failed to inform her of the sentencing range for the dismissed charges at the time of her plea. However, postplea counsel omitted the allegations set forth in defendant's *pro*

3

*se* Rule 604(d) motion and raised no issues concerning the statutory citation or corrected sentencing order.

¶ 10    On June 23, 2016, prior to the start of the hearing on defendant's amended Rule 604(d) motion, postplea counsel filed a second amended Rule 604(d) motion, stating that the second amended motion was "substantially identical" to the September 16, 2015, amended motion, but clarified that he had attached a new Rule 604(d) certificate that strictly complied with the requirements and form "listed in supreme court rules." In the June 23, 2016, certificate, postplea counsel certified as follows:

> "1. I have consulted with the defendant in person, by mail, by phone or by electronic means to ascertain the Defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings[.]"

¶ 11    After briefly reviewing both documents, the circuit court proceeded to a hearing on defendant's second amended Rule 604(d) motion. Postplea counsel called defendant to testify and, at the close of her testimony, asked if there was anything else that defendant wanted the court to know or hear with regard to the motion. Defendant responded, "No."

¶ 12    After considering the evidence, the circuit court denied defendant's second amended Rule 604(d) motion. In support, the court noted that its review of the transcripts from defendant's plea hearing revealed 22 instances where defendant had confirmed with the court that she understood

4

the proceedings and that she was willing to continue with the plea agreement. Defendant now appeals.

¶ 13                                    II. Analysis

¶ 14     On appeal, defendant contends that she was denied her right to effective assistance of counsel during postplea proceedings when her postplea counsel failed to include certain issues in the second amended Rule 604(d) motion. Specifically, defendant argues that postplea counsel failed to raise the issue that the charge of aggravated battery of a child, as alleged in count IV of the second amended information, did not state a valid offense because the statute cited by the State in count IV had been repealed and a new statute enacted by Public Act 96-1551 before the date of the offense (Public Act) (Pub. Act 96-1551 (eff. July 1, 2011)). In view of this, defendant argues that her plea was unenforceable because the new statute constituted a substantive change in the law, rather than a mere formal change in citation, where "the legislature rewrote the statute to have different names, different statutory numbers, different wording, and completely recategorized how various types of battery would be charged." Therefore, the circuit court improperly granted the State's motion to modify the sentencing order, when the proper remedy would have been to permit defendant to withdraw her guilty plea.

¶ 15     In addition, defendant argues that postplea counsel failed to make the necessary amendments to preserve issues raised in her *pro se* Rule 604(d) motion. Specifically, defendant claimed that postplea counsel failed to include allegations from her *pro se* Rule 604(d) motion that alleged there was no factual basis to support the plea, DNA evidence was not presented that would have proved there was no factual basis to support the plea, a statement had been made that discredited a witness's alibi that was never presented, and a neighbor made a statement that indicated the neighbor would have been a pertinent witness. As such, defendant contends that postplea counsel rendered ineffective assistance of counsel.

¶ 16    In response, the State argues that postplea counsel was not ineffective because (1) no reasonable grounds existed to oppose the September 3, 2015, *nunc pro tunc* order, which conveyed the same substance as the second amended information but with proper statutory citation, and (2) postplea counsel filed a facially valid Rule 604(d) certificate to which defendant failed to demonstrate counsel's failure to comply with the requirements. We agree.

¶ 17    A criminal defendant has a constitutional right to effective assistance of counsel at all critical stages of the criminal proceedings, including when a defendant files a motion to withdraw her guilty plea. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *People v. Cabrales*, 325 Ill. App. 3d 1, 6 (2001). A defendant alleging ineffective assistance of counsel must demonstrate that counsel's representation was deficient and that counsel's deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). To establish ineffective assistance of counsel, a defendant must first demonstrate that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the [s]ixth [a]mendment." *Strickland*, 466 U.S. at 687. Second, a defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. The failure to satisfy either prong of *Strickland* will preclude a finding of ineffective assistance of counsel. *People v. Morris*, 209 Ill. 2d 137, 179 (2004).

¶ 18    Whether a defense attorney has provided ineffective assistance of counsel is a mixed question of law and fact. *Strickland*, 466 U.S. at 698. In Illinois, defendants are required to raise ineffective assistance of counsel claims on direct review if apparent on the record. *People v. Veach*, 2017 IL 120649, ¶ 46. "When a claim of ineffective assistance of counsel was not raised at the trial court, this court's review is *de novo*." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 85.

6

¶ 19 The issue before us concerns the sufficiency of the factual allegation in count IV of the charging instrument at the time of the plea, rather than the subsequent modification of the sentencing order. See *People v. Williams*, 97 Ill. 2d 252, 310 (1983) (the pronouncement of the sentence comprises the judgment of the court and the entry of the sentencing order is a ministerial act merely evidencing the sentence). However, we agree with the parties' contention that the resolution of this issue is dependent on whether the Public Act made a formal or substantive change.

¶ 20 A defendant has a fundamental constitutional right to be informed of the nature and cause of the criminal accusations made against her. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *People v. Meyers*, 158 Ill. 2d 46, 51 (1994). A mere reference in a charging instrument to an incorrect section of a statute is a formal rather than a substantive defect that is grounds for reversal only where the defendant demonstrates prejudice. *People v. Cohn*, 2014 IL App (3d) 120910, ¶ 14. A charging instrument challenged for the first time on appeal will be considered appropriate as long as it apprises the accused of the precise offense charged with sufficient specificity to prepare her defense and allows for the pleading of the resulting convictions as a bar to any future prosecution arising out of the same conduct. *Id.* ¶ 15. Whether the charging instrument was sufficient is a question of law that we review *de novo*. *People v. Espinoza*, 2015 IL 118218, ¶ 15.

¶ 21 The August 17, 2015, amended information alleged under count IV that on July 19, 2011, "[defendant], a person 18 years of age or older, committed the offense of AGGRAVATED BATTERY OF A CHILD in that said defendant knowingly and without legal justification caused great bodily harm to [Alexus], a minor child under the age of 13 years, by striking [Alexus] in the

7

head while [Alexus] was in a bathtub ***." (Emphasis in original.) The statute for aggravated battery, in effect at the time, provided:

"A person who is at least 18 years of age commits aggravated battery when, *in committing a battery*, he or she knowingly and without legal justification by any means:

(1) causes great bodily harm or permanent disability or disfigurement to any child under the age of 13 years, or to any severely or profoundly intellectually disabled person[.]" (Emphasis added.) 720 ILCS 5/12-3.05(b)(1) (West 2012).

This statute also provided that aggravated battery, as defined above, is a Class X felony. *Id.* § 12-3.05(h). The earlier version of the statute for aggravated battery of a child, also a Class X felony, stated the following:

"Any person of the age 18 years and upwards who intentionally or knowingly, and without legal justification and by any means, causes great bodily harm or permanent disability or disfigurement to any child under the age of 13 years or to any severely or profoundly mentally retarded person, commits the offense of aggravated battery of a child." 720 ILCS 5/12-4.3(a) (West 2010).

¶ 22     Next, the statute for battery, in effect at the time, provided the following:

"(a) A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual ***." 720 ILCS 5/12-3(a)(1) (West 2012).

The earlier version of the battery statute, which was modified by the Public Act, provided, in pertinent part, the following:

8

"(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual ***." 720 ILCS 5/12-3(a)(1) (West 2010).

Based on the foregoing, we cannot conclude, as defendant argues, that the Public Act made a substantive change to the law rendering count IV of the second amended information defective. Here, based on the date of the offense, there is no dispute that count IV should have cited the newer aggravated battery statute. See 720 ILCS 5/12-3.05(b)(1) (West 2012). However, we agree with the State that the successor statute, titled "aggravated battery" (720 ILCS 5/12-4.3(a) (West 2010)), incorporates by reference the necessary elements of battery and contains the same essential elements of the previous statute, titled "aggravated battery of a child" (720 ILCS 5/12-3.05(b)(1) (West 2012)). Accordingly, despite the citation error, count IV of the second amended information apprised defendant of the precise offense charged with sufficient specificity to prepare her defense and the corresponding conviction entered upon her guilty plea would prevent any future prosecution arising out of the same conduct. *Cohn*, 2014 IL App (3d) 120910, ¶ 15.

¶ 23    Defendant, citing to *People v. Tellez-Valencia*, 188 Ill. 2d 523 (1999), and *People v. Wasson*, 175 Ill. App. 3d 851 (1988), further contends that the circuit court's judgment must be vacated because count IV of the second amended information referenced an invalid statute. We find defendant's reliance on the above cases misguided.

¶ 24    In *Tellez-Valencia*, 188 Ill. 2d at 526-27, two defendants challenged their convictions for predatory criminal sexual assault of a child after our supreme court found the underlying statute unconstitutional for violating the single subject rule. Because the offense of predatory criminal sexual assault of a child was deemed unconstitutional, the offense was rendered void *ab initio. Id.* at 526. The supreme court found that, although the legislature later reenacted the offense, the

9

reenactment created an entirely new criminal statute. *Id.* As a result, each defendant's charging instruments failed to state an offense because the criminal statute was not in effect when the alleged offenses occurred. *Id.*

¶ 25 Similar to *Tellez-Valencia*, here, the charged offense existed before defendant's criminal actions. Dissimilar to *Tellez-Valencia*, however, the criminal statute at issue in the present case was not declared void *ab initio.* In other words, the legislature, in enacting the Public Act, did not nullify the existence of the offense, or create a new offense, but merely recodified the existing offense under a different title and renumbered citation. As such, the criminal offense of aggravated battery of a child, as alleged in count IV of the second amended information, was embodied in the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/1-1 *et seq.* (West 2010)) both before, and after, the enactment of the Public Act.

¶ 26 The defendant's reliance on *Wasson* is similarly misguided. In *Wasson*, the defendant pleaded guilty to one count of aggravated criminal sexual assault with an offense date between January 1, 1983, and April 24, 1985. 175 Ill. App. 3d at 853. The law governing sex offenses was substantively changed, however, with the enactment of the criminal sexual assault and abuse law of 1984. *Id.* at 854. The appellate court found the plain language of Public Act 83-1067 (eff. July 1, 1984) stated that it shall only apply to " 'those persons who commit offenses prohibited under Sections 12-13 through 12-16 of the Criminal Code of 1961, as amended, on or after the effective date of this amendatory Act.' (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12-12.)." *Id.* For that reason, the court concluded that the new law was not intended to be applied retroactively, and a defendant could not be charged under the new law for an offense committed prior to July 1, 1984. *Id.* Thus, the court held that the charging instrument was fatally defective because it alleged an offense that was not yet included in the statute under which the defendant was charged. *Id.*

10

¶ 27    In the present case, the law governing aggravated battery of a child was not substantively changed. Again, the Public Act merely recodified the existing offense under a different title and renumbered citation. Unlike Public Act 83-1067 (eff. July 1, 1984), where substantive changes to the criminal sexual assault and abuse laws were enacted, here, the Public Act only enacted formal changes to the charged offense. Additionally, unlike Public Act 83-1067, the Public Act contained no special language specifying its limited applicability to those persons who commit violations after its effective date. See *Wasson*, 175 Ill. App. 3d at 854. Thus, contrary to *Wasson*, although the statute cited in count IV of the second amended information was no longer in effect at the time of the plea, the criminal offense of aggravated battery of a child had not substantively changed and was still embodied in the Criminal Code under section 3.05(b)(2) (720 ILCS 5/12-3.05(b)(2) (West 2012)).

¶ 28    Furthermore, we find the decision in *People v. Melton*, 282 Ill. App. 3d 408 (1996), and our previous decision in *People v. Dismore*, 33 Ill. App. 3d 495 (1975), controlling. In *Melton*, 282 Ill. App. 3d at 414, following a bench trial, several defendants were convicted of multiple counts of endangering the health of a child. On appeal, the defendants maintained that their convictions should be reversed because the statute upon which they were convicted had been repealed, effective September 9, 1993, prior to the charged offense date of February 1, 1994. *Id.* at 411, 414. The defendants argued that they were charged with a " 'non-existent crime.' " *Id.* at 414. The *Melton* court noted that the defendants were charged under section 4 of the Wrongs to Children Act (720 ILCS 150/4 (West 1992)). Section 4 provided:

        "It shall be unlawful for any person having the care or custody of any child, wilfully to cause or permit the life of such child to be endangered, or the health of such child to be

11

injured, or wilfully cause or permit such child to be placed in such a situation that its life or health may be endangered." *Id.* The *Melton* court further noted that the first violation of this statute was a Class A misdemeanor and a second or subsequent conviction was a Class 4 felony. *Melton*, 282 Ill. App. 3d at 414. The successor to this statute, effective September 9, 1993, provided:

"It is unlawful for any person to willfully cause or permit the life or health of a child under the age of 18 to be endangered or to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health. A violation of this Section is a Class A misdemeanor. A second or subsequent violation of this Section is a Class 3 felony." 720 ILCS 5/12-21.6 (West 1994).

¶ 29    The *Melton* court determined that there was "no doubt that child endangerment was a criminal offense prior to September 9, 1993, and that it remained so after that date." *Melton*, 282 Ill. App. 3d at 415. The *Melton* court further stated:

"[T]he new statute left intact the substance of the prior enactment and merely broadened its scope by (i) permitting 'any person' to be charged, rather than only those persons 'having the care or custody of any child,' and (ii) by making the statute specifically applicable to children under the age of 18, rather than only to children under the age of 14, as the prior statute had been interpreted. [Citation.] Thus, acts that constituted child endangerment under the former statute still constitute child endangerment under the current statute." *Id*.

¶ 30    Similarly, in *Dismore*, the defendant entered a negotiated guilty plea for the offense of deceptive practices, but he challenged his conviction on appeal because the complaint purported to allege an offense which occurred on October 3, 1973, which violated a repealed portion of the

Criminal Code that took place on October 1, 1973. 33 Ill. App. 3d at 497-98. While the complaint in *Dismore* did not describe conduct that constituted an offense under the Criminal Code, which had been repealed, it did describe acts that constituted an offense under the newly enacted Credit Card Law. *Id.* at 498. This court held that even though the former section of the Criminal Code was removed, reworded, and incorporated into the Credit Card Law, it did not give rise to a violation of any of the defendant's statutory or constitutional rights where the defendant could not show prejudice. *Id.* at 498-99.

¶ 31    Like *Melton* and *Dismore*, here, the second amended complaint included an incorrect citation to a repealed statute. Even though the Public Act did in fact repeal, rename, and renumber the previous offense of aggravated battery of a child, as noted in *Melton* and *Dismore*, the conduct constituting this offense remained prohibited under the successor section of the Criminal Code (720 ILCS 5/12-3.05(b)(2) (West 2012)). The essential elements, felony classification, and sentencing range remained the same, and defendant received the required plea admonishments and agreed-upon sentencing information. Furthermore, like *Dismore*, here, having pled guilty, defendant was not hampered in the preparation of a defense, and the judgment entered on her plea would bar any further prosecution of the same offense. See *Dismore*, 33 Ill. App. 3d at 499. Accordingly, the record does not demonstrate defendant was prejudiced by this citation error.

¶ 32    Again, to establish ineffective assistance of counsel, a defendant must demonstrate that the representation she received was deficient and that the deficient performance prejudiced her. *Strickland*, 466 U.S. at 687; see also *Albanese*, 104 Ill. 2d at 526-27. In the present case, defendant cannot show that postplea counsel's representation was deficient for failing to raise the citation error when this error did not result in prejudice. Consequently, defendant's claim is without merit.

13

¶ 33    Lastly, defendant argues that postplea counsel rendered ineffective assistance by failing to comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). In particular, defendant argues that postplea counsel failed to amend her *pro se* Rule 604(d) motion to adequately preserve in writing that the evidence would not establish her guilt and, as a result, waived appellate review of this claim. In her *pro se* Rule 604(d) motion, defendant generally claimed that, because certain evidence had not been presented at the time of the plea, including (1) DNA evidence, (2) a statement made discrediting a witness's alibi, and (3) a pertinent statement made by a neighbor, there was no factual basis to support her guilty plea. In response, the State contends that postplea counsel filed a facially valid Rule 604(d) certificate, and the record is devoid of any evidence, other than defendant's unsubstantiated claims in her *pro se* Rule 604(d) motion, to demonstrate postplea counsel's ineffective assistance in the preparation and presentation of the motion to withdraw guilty plea. We agree.

¶ 34    "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. "Rule 604(d) requires counsel to certify that he or she has made any amendments to the defendant's motion that are necessary for adequate presentation of any defects in the proceedings relating to the defendant's plea." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. "Such certification assures the trial court that the defense counsel has reviewed the defendant's claim and has considered all of the relevant bases for a motion to withdraw a guilty plea." *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005) (citing *People v. Linder*, 186 Ill. 2d 67, 69 (1999)). Strict compliance with Rule 604(d) is required (*People v. Foster*, 171 Ill. 2d 469, 474 (1996)), and counsel's failure to strictly comply requires remand to the trial court. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Even where counsel has filed a facially valid certificate, courts "may consult the record to determine whether [he or] she actually

14

fulfilled [his or] her obligations under Rule 604(d)." *Bridges*, 2017 IL App (2d) 150718, ¶ 8. Our review of counsel's compliance with a supreme court rule is *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 35     Here, the parties agree that postplea counsel's Rule 604(d) certificate filing fully complied with the requirements. *People v. Folks*, 406 Ill. App. 3d 300, 304 (2010). As such, the certificate filed by counsel was facially valid. *People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999). Therefore, we must consult the record to determine whether counsel fulfilled his obligation under the rule. Defendant contends that postplea counsel should have included the allegations raised in her *pro se* Rule 604(d) motion in the second amended Rule 604(d) motion. On that basis, again, defendant argues ineffective assistance of postplea counsel. It is defendant's burden to show postplea counsel rendered ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Despite this burden, defendant fails to point to any evidence in the record to support her claim, as alleged in her *pro se* Rule 604(d) motion, that there was no factual basis to support her guilty plea. Instead, defendant argues that it was postplea counsel's ineffectiveness that caused the record to be devoid of supporting evidence. We disagree.

¶ 36     Postplea counsel's Rule 604(d) certificate affirmatively states that he consulted with defendant in person, by mail, by phone, or by electronic means to ascertain defendant's contentions of error. Nothing contained in the record contradicts this statement. We also note, contrary to defendant's argument, that postplea counsel presented defendant with an opportunity to raise any claims not addressed during the proceedings. Again, contrary to defendant's argument, the record does not support a finding that postplea counsel's ineffectiveness caused the record to be devoid of supporting evidence. Instead, the record shows that postplea counsel specifically questioned defendant regarding possible additional claims, affording her the opportunity to make the court

15

aware of those claims. Her answer in the negative undermines her argument of ineffectiveness. Under these circumstances, defendant cannot show that postplea counsel's failure to include the issues raised in defendant's *pro se* Rule 604(d) motion, standing alone, undermines the validity of postplea counsel's second amended Rule 604(d) certificate. Because defendant cannot demonstrate that postplea counsel's representation was deficient, her claim of ineffective assistance of counsel is meritless.

¶ 37                                    III. Conclusion

¶ 38      Based on the foregoing, we find that defendant failed to demonstrate that postplea counsel's representation was deficient. On that basis, her claims of ineffective assistance of counsel fails. We, therefore, affirm the order of the circuit court of Franklin County denying defendant's motion to withdraw guilty plea.


¶ 39      Affirmed.